# UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| Atlas Apartments Acquisitions LLC<br>Atlas Apartment Homes LLC<br>Atlas Multifamily Three LLC<br>Atlas MF Mezzanine Borrower LLC<br>Premier Orlando Portfolio Two LLC<br>Atlas Alexandria & Parcvue LLC<br>Atlas Crowntree Lakes LLC, Atlas<br>Apartment Holdings LLC<br>Atlas Birchwood LLC<br>P2 Portfolio Managing Member LLC<br>Ivankovich Family LLC<br><br>PLAINTIFFS,<br><br>v.<br><br>Stifel Nicolaus & Company Inc.<br>William Scherr<br>John Doe 1<br>Jane Doe 1<br>Zhu Zhai Holdings Limited<br>Peter Pui Tak Lee<br>Jane Doe 2<br><br>DEFENDANTS. | CASE No: 1:22-cv-21469 – FAM<br>Hon. Judge Frederico A. Moreno |

## DEFENDANTS STIFEL & SCHERR'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a), AND SUPPORTING MEMORANDUM OF LAW

Co-Defendants, Stifel, Nicolaus & Co., Incorporated ("Stifel") and William Scherr, by and through undersigned counsel and pursuant to 28 U.S.C. § 1404(a), move to transfer venue to the United States District Court for the Northern District of Illinois, and in support thereof, state the following.[1]

---

[1] The Court allowed defendants to June 15, 2022 to respond to the Complaint. *See* ECF 10. This Motion is submitted without waiving other defenses under the Federal rules of Civil Procedure.

1

## INTRODUCTION

As detailed below, this matter overlaps with a post-judgment collection dispute pending in the N.D. of Illinois. All parties here, other than Doe defendants, are participants in that action.

In August 2021, Illinois plaintiffs ZZH and Lee (defendants here) obtained a default judgment of over $4.5 million against Steven Ivankovich, the judgment debtor. The judgment is unsatisfied. The 11 named LLC Plaintiffs are entities related to or controlled by the judgment debtor.  Illinois plaintiffs ZZH and Lee served citations to Defendant Stifel to locate assets. Co-defendant Scherr, a Stifel employee, signed Stifel's responses, listing accounts titled in the names of the LLC Plaintiffs, and Stifel froze those accounts until the N.D. Illinois recently ordered Stifel to unfreeze them. All LLC Plaintiffs appeared in the N.D. of Illinois to intervene and dispute the Stifel citations. New citations were recently issued to Ivankovich and two of the named Plaintiffs.

Illinois plaintiffs ZZH and Lee, who are defendants here, consented to the Illinois court's jurisdiction when they filed suit, but shared that they intend to challenge this Court's jurisdiction if served with the instant Complaint. All of the LLC Plaintiffs and moving Defendants are participating in the Illinois action. The moving Defendants are amenable to service in the N.D. of Illinois.  Judge Coleman, who is presiding over the Illinois Ivankovich case, already recognized that the better way for Plaintiffs to have approached their dispute over the Stifel accounts was to make a request in the N.D. of Illinois to unfreeze those assets (which it has already ordered), rather than filing what appears to be a baseless lawsuit here.  The circumstances weigh strongly in favor of transfer because:  (1) this action could have been brought in the N.D. of Illinois; (2) the only nexus this District has is Plaintiffs' alleged residence in this District; (3) the "first to file" rule makes it proper to transfer the action; and (4) convenience of the Parties and the interests of justice weigh strongly in favor of transfer to the Northern District of Illinois.

2

## DETAILED FACTUAL BACKGROUND

<u>The Pending Illinois Action</u>.  The subject matter of the instant complaint is the same or directly related to the subject matter of ongoing post-judgment proceedings in the United States District Court for the Northern District of Illinois, in a case captioned ZHU ZHAI HOLDINGS LIMITED and PETER PUI TAK LEE v. STEVEN IVANKOVICH, Case No. 20-cv-4985 (Hon. Judge Sharon Johnson Coleman) (The "Ivankovich action" aka the "Illinois" action). (*See* **Exhibit A**, **N.D. IL Docket** in the Ivankovich action).  Judge Coleman in the Northern District of Illinois is aware of the instant Florida complaint, and has stated in an order that it appears to be "baseless." (*See* **Exhibit B**, **5/31/22 Order** in Ivankovich action, Doc. 197 at PageID1567).

Ivankovich, the judgment debtor in the Illinois action, was a guarantor on $3 million in loans to entities he controls.  The Illinois plaintiffs/judgment creditors, ZZH and Lee, sued to collect on the guaranty.  On August 17, 2021, Judge Coleman granted ZZH and Lee's motion for default judgment for $4,503,842. The Seventh Circuit affirmed on May 6, 2022. (*See* **Exhibit C**, **Appellate Order**, Case No. 21-3038 (7th Cir. COA, May 6, 2022), Doc. 196, PageID 1563-64).

In the interim, ZZH and Lee as judgment creditors, filed numerous citations to discover assets, including to a third party (and current Defendant) Stifel, which Stifel answered March 24, 2022 and April 6, 2022 as amended.  (Ex. A, Doc. 153, 160). Co-defendant Scherr, a Stifel employee, signed the answer on Stifel's behalf. (*Id*.).  The answer contained a list of Stifel accounts titled in the instant Florida LLC Plaintiffs' names—including especially large sums in two of the accounts—P2 Portfolio Managing Member LLC investment account, and the Invankovich Family, LLC investment account. (*Id*). Remaining accounts contained nominal sums.  (*Id*.)  Stifel froze assets in the two specifically referenced accounts.

None of the instant Florida LLC Plaintiffs was a party to the Ivankovich action in Illinois, however, on April 12, 2022, one week after judgment creditors filed an amended motion for

turnover of the Stifel funds to satisfy the judgment—attorneys for all of the instant LLC Plaintiffs filed appearances in the Illinois action as "intervenors." (Ex. A, Doc. 162, 164).  On the same day, Ivankovich's attorney filed a motion to dismiss and to quash the Stifel citation on behalf of the judgment debtor Ivankovich, and the instant LLC Plaintiffs.  (Ex. A, Doc. 165, 166). The Court struck the motions to quash. (Ex. A, Doc. 168). On May 20, 2022, Plaintiffs P2 Portfolio Managing Member LLC and Ivankovich Family LLC filed another motion to quash and dismiss that conceded that Illinois law applies to these post judgment collection proceedings.  (*See* **Exhibit D**, **5/20/22 Motion to Quash/Dismiss**, Doc. 191 at PageID 1549).

On May 9, 2022, Judge Coleman denied the judgment creditors' turnover motion because there was not sufficient proof the judgment debtor's assets were in those Stifel two accounts. However, the Court did not lift the freeze on the Stifel accounts that day.  The parties to the Ivankovich action have an ongoing dispute as to whether or not the judgment debtor's assets are located in those accounts. The freeze was subsequently lifted by Judge Coleman's May 31, 2022 order, which also states the following.

> Instead of directing the Court's attention to the continued freeze of these assets, on May 11, 2022, Ivankovich's lawyer filed a lawsuit in the United States District Court for the Southern District of Florida, on behalf of the limited liability companies listed in the Stifel answer to the citation to discover assets, against the plaintiffs in this lawsuit, Stifel, and several Jane and John Does.  In [their Florida] complaint, the limited liability plaintiffs allege a conspiracy claim against defendants arguing that they conspired to freeze the plaintiffs' assets, among other claims. **The better way to approach this issue, however, was to ask this Court to unfreeze the assets, instead of filing what appears to be a baseless lawsuit** in another federal district court. … Moreover, through his Florida counsel's tactics, it appears Ivankovich is seeking to avoid paying the $4.5 million judgment he owes.

(*See* Ex. B, 5/31/22 Order, Doc. 197 at PageID 1567, emphasis added).  The 5/31/22 Order additionally granted the judgment creditors' motion to show cause (Ex. A, Doc. 187), and directed the judgment debtor Ivankovich and two non-party LLCs, P2 Portfolio Managing

Member LLC, and Ivankovich Family LLC, to answer the judgment creditors' April 13, 2022 citations (Ex. A, Doc 174, 176, 178) no later than June 24, 2022.  (Ex. B at PageID 1568).  The Court noted that the judgment debtor and the two LLC Plaintiffs admitted that their counsel had already discussed the timing of their answers to the citations before they filed their motion to quash (Ex. D) which the court denied. (Ex. B, 5/31/22 Order, at PageID 1568).

The Instant Florida Complaint.  On May 11, 2022, Plaintiffs filed the instant eight-count complaint ("Complaint") against Defendants, seeking declaratory, injunctive, and other forms of relief alleging violations of state and federal law including civil conspiracy related to the rights to funds in Stifel accounts held in Plaintiffs' names, and concerning Stifel's disclosure of said account-related information in response to the post-judgment citation order in the Illinois action.  Plaintiffs requested, in part, that this Court void the freeze on the Stifel accounts (*See* Compl., generally).

Counts I and II of the Complaint herein seek declaratory and injunctive relief as to the same Stifel accounts, which are the subject of the Citation proceedings in the Ivankovich action, including Plaintiffs' request to void and vacate any action taken in connection with the Stifel citation.  Counts III and V seek damages, including punitive damages for disclosing information about the Stifel accounts in answer to the Illinois citation order.  Count VI alleges the defendants engaged in a civil conspiracy in connection with the Stifel account activity because of the Illinois citation order.[2]

The Plaintiffs have alleged that federal diversity jurisdiction exists under 28 U.S.C. § 1332(a) because Plaintiffs are all citizens of Florida, and the various defendants are citizens of China, Missouri and Illinois, and the amount in controversy exceeds $75,000.  (*See* Compl, at p.

---

[2]  Counts IV, VII and VIII do not pertain to moving defendants Stifel and Scherr.

8, ¶ 9). The Plaintiffs also allege the Court has subject matter jurisdiction under 28 U.S.C. §1331 based on alleged violations of federal laws including the Gramm-Leach-Bilen Act ("GLBA") 15 U.S.C. § 6801, and the Fair Debt Reporting Practices Act ("FDRPA") [sic] 15 U.S.C. §1692 et seq. (*Id.,* at ¶ 10). The Plaintiffs allege the federal court has supplemental jurisdiction over state-based claims under 28 U.S.C. § 1367. (*Id.,* at ¶ 11). The jurisdictional bases likewise apply in the Illinois District.

According to the Plaintiffs' Complaint, the only nexus this District has to the instant action is that: (1) the Plaintiffs are domiciled in Miami Dade, County, Florida, and; (2) co-defendant Stifel is registered to do business in the State of Florida and Plaintiffs and Stifel have conducted business arranging for deposits and withdrawals to and from their Miami Dade County, Florida Stifel accounts. (*See* Compl.,at p. 8, ¶ 8).

It is clear that the instant claims do not arise out of deposit and withdrawal transactions between the Plaintiffs and Stifel occurring in Florida. Rather the actions arise from the facts and decision-making, including the orders in pending post judgment collection proceedings in the Illinois action, including Stifel's answer to the Illinois court-issued citation. Thus, the Plaintiffs' current residence in this District is the only real nexus that this District has to this case, which is an insufficient basis to the deny the relief requested in this Motion.

### ADDITIONAL STATEMENT OF FACTS

1.     Moving Defendant Stifel, Nicolaus & Co., Incorporated, is a Delaware corporation with its headquarters in St. Louis, Missouri, and has offices in the Northern District of Illinois. (*See also* Compl, Doc. 1 at Page 6, ¶ 2) (alleging Stifel is a National financial institution headquartered in St. Louis, and also registered to do business in Florida).

2.      Plaintiff alleges that moving Defendant William Scherr is a Stifel employee who is a resident of Illinois or Missouri.  (*Id*., at Page 7, ¶ 5). Moving Defendants assert that Mr. Scherr is a resident of Illinois.

3.      Plaintiffs allege they are limited liability companies incorporated in Delaware, who either regularly do business in Florida, they are registered to do business in Florida, or whose members are residents of and domiciled in Miami, Dade County, Florida. (*Id*., at Page 5).

4.      Some or all of the Plaintiffs maintain an account relationship with Stifel in its Chicago, Illinois, office.

5.      As alleged in the Complaint, Defendants ZZH and Lee are a Hong Kong entity and resident respectively.  ZZH and Lee are also the plaintiffs and judgment creditors in the Illinois Ivankovich action.  (*Id*., at Page 6-7, ¶¶ 3-4).

6.      Prior to filing the instant motion, the moving Defendants consulted with co-defendants ZZH and Lee who expressed support for the instant Motion as well as their belief that all issues raised in the instant Complaint should be addressed in the Northern District of Illinois. ZZH and Lee indicated that if the instant Plaintiffs effectuate service on ZZH and Lee in Florida, they intend to file a motion to challenge jurisdiction.

7.      The dispute over the existence of, and location of the judgment debtor's assets eligible to satisfy the Illinois judgment remains pending, and the responses to citations issued on April 13, 2022 to the judgment debtor and two of the instant Plaintiffs, are due in the Illinois action on June 24, 2022. (Ex. B).

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *See Hight v. U.S. Dep't of Homeland Security*, 391 F.Supp.3d 1178, 1182-1183 (S.D. Fla., 2019) quoting 28 U.S.C. § 1404(a); *see also Nalls v. Coleman Low Fed. Inst.,* 440 F. App'x 704, 706 (11th Cir. 2011) (citations omitted). Courts have broad discretion under section 1404(a). *See Hight v. U.S. Dep't of Homeland Security*, 391 F.Supp.3d at 1182-1183, citing *England v. ITT Thompson Indus., Inc*., 856 F.2d 1518, 1520 (11th Cir. 1988) (citation omitted); *Osgood v. Disc. Auto Parts, LLC*, 981 F. <u>1183*1183 Supp. 2d 1259, 1263 (S.D. Fla. 2013)</u> (stating the "standard for transfer under 28 U.S.C. § 1404(a) leaves much to the broad discretion of the trial court"); *Motorola Mobility, Inc. v. Microsoft Corp*., 804 F. Supp. 2d 1271, 1275 (S.D. Fla. 2011) (holding the court has "broad discretion" to determine whether "transfer is appropriate.").

To determine whether a case should be transferred pursuant to section 1404, courts apply a two-prong test. *See Hight*, 391 F.Supp.3d at 1183, citing *Rothschild Storage Retrieval Innovations, LLC v. Sony Mobile Commc'ns (USA) Inc.,* No. 14-CIV-22652, 2015 WL 224952, at *2 (S.D. Fla. Jan. 15, 2015); *see also Glen v. American Airlines, Inc*., Case No 19-23994, 2020 WL 13119933 at *2 (S.D. Fla. May 13, 2020) citing *Hight*.  First, courts look to whether the case could have been brought in the alternative venue. *Id*. (citation omitted).  Under this first prong, courts are tasked with determining whether an action "might have been brought" in any court that has subject-matter jurisdiction; where venue is proper; and where the defendant is amenable to process. *See Hight*, at 1183, citing *Carucel Investments, L.P. v. Novatel Wireless, Inc*., 157 F. Supp. 3d 1219, 1223 (S.D. Fla. 2016).

Second, courts evaluate convenience and the interest of justice. *See Hight* at 1183, citing *Rothschild*, 2015 WL 224952, at *2 (internal citations omitted). Under the second prong, courts "weigh various factors" implicating both public and private interests. *See Hight* at 1183, citing *Windmere*, 617 F. Supp. 8 at 10. These factors can include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *See Hight* at 1183, citing *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted).

## LEGAL ARGUMENT

### A. <u>Prong 1—The Action Could Have been Brought in the Northern District of Illinois</u>.

A case "might have been brought in a transferee district if that district has subject matter jurisdiction over the action, venue is proper, and the parties are amenable to service of process in the transferee forum." *See Hight*, 1183-84, citing *Implant Seminars, Inc. v. Lee*, No. 18-23097-CIV, 2019 WL 1979365, at *4 (S.D. Fla. May 3, 2019) (quoting *Game Controller Tech. LLC v. Sony Computer Entm't Am. LLC*, 994 F. Supp. 2d 1268, 1272–73 (S.D. Fla. 2014)).

<u>Subject Matter Jurisdiction</u>. Here, as Plaintiffs allege, federal diversity jurisdiction exists under 28 U.S.C. § 1332(a) because Plaintiffs are all citizens of Florida, and the various defendants are citizens of China, Missouri and Illinois, and the amount in controversy exceeds $75,000.  As Plaintiffs also allege, the Court has subject matter jurisdiction under 28 U.S.C. §1331 based on alleged violations of federal laws including the Gramm-Leach-Bilen Act ("GLBA") 15 U.S.C. § 6801, and the Fair Debt Reporting Practices Act ("FDRPA") [sic] 15

9

U.S.C. §1692 et seq. The Plaintiffs allege the federal court has supplemental jurisdiction over state-based claims under 28 U.S.C. § 1367.  (*See* Complaint).

Venue.  Venue would be proper in the Northern District of Illinois under 28 U.S.C. §1391, which provides that venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated [(b)(2)]; or in any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action [(b)(3)].  A defendant that is not a resident in the United States may be sued in any judicial district. [(c)(3)].

Here, the events and decisions giving rise to the clams occurred in post-judgement proceedings in the Ivankovich action still pending in the Northern District of Illinois, a district that also has personal jurisdiction over moving Co-Defendant William Scherr, because he resides within that district. *See* Fed. R. Civ. Proc. 4(k)(1)(a); 28 U.S.C. §1391(b)(3).

Furthermore, the moving Defendants are amenable to service of process in the Northern District of Illinois.[3]  Therefore, the Northern District of Illinois is an adequate alternative forum, and so the Court must turn to the second prong of the section 1404(a) analysis. *See Hight*, 1183-84, citing *Rothschild Storage Retrieval Innovations, LLC v. LG Electronics, Inc.*, 2015 WL 11233067, at *2 (S.D.Fla. June 3, 2015).

---

[3] As indicated in the *Statement of Additional Facts*, the Hong Kong based co-defendants ZZH and Lee support the instant motion, however, the moving Co-Defendants are not authorized to represent defendants ZZH and Lee's position on accepting service.

**B. Prong 2—Convenience of the Parties and the Interests of Justice Weigh Strongly <u>in</u> <u>Favor of Transferring this Case to the Northern District of Illinois.</u>**

Several factors weigh heavily in favor of transfer to the United States District Court for the Northern District of Illinois, which has an interest in the outcome of this case.  *See e.g., Hight*, citing *Steifel Labs., Inc. v. Galderma Labs., Inc.,* 588 F. Supp. 2d 1336, 1339 (S.D. Fla. 2008) citing *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir.1996)).

*1. Plaintiff's choice of forum vs. the locus of operative facts weighs in favor of transfer.*

The Plaintiffs' current residence in this District is the only nexus that this District has to this case, which is not sufficient to warrant keeping this case in this venue.  *See Hight*, 391 F.Supp.3d at 1184-1185, citations omitted; *see also Glen v. American Airlines, Inc.*, 2020 WL 13119933 at *6.  Any deference that federal courts have traditionally accorded to plaintiff's choice of forum, is entitled to less consideration where, as here, the Plaintiffs' only nexus to the Southern District of Florida is their residence, and all the relevant actions and decisions, including possible future decisions concerning the Stifel accounts and whether they might contain assets of the judgment debtor, have been, and will be made in the Illinois action.  *Id*.  These factors strongly weigh in favor of transfer to the Northern District of Illinois.  *See Hight* at 1184-85, citations omitted;  *see also Greiser v. Drinkard,* No. 18-61126-CIV, 2018 WL 7287083-ALTONAGA, at *5 (S.D. Fla. Nov. 16, 2018).

*2. Convenience of the Parties and Witnesses*

Plaintiff can capably litigate the case in the Norther District of Illinois and there is a clear commonality of witnesses and interested parties between the Ivankovich action and the instant action. *E.g., Hight*, at 1185-86.  Indeed, the Plaintiffs appeared as intervenors in the Illinois action through Illinois counsel, and thus have consented to the jurisdiction of the Northern District of Illinois to adjudicate the subject of this dispute. (*see eg.,* Ex. A, Doc. 164, 166, 191).  Moreover,

Plaintiffs P2 Portfolio Managing Member LLC, and Ivankovich Family LLC, are citation respondents in the Illinois action (*see* Ex. A, Doc 174, 176), with an upcoming deadline to respond by June 24, 2022. (*See* Ex. B).  It would be more convenient for both the instant Plaintiffs and Defendants to adjudicate disputes concerning whether judgment debtor's assets are held in Stifel accounts, in the same venue that is addressing the location of the judgment debtor's assets.

### 3. *Public Factors Weigh in Favor of Transfer, Including Familiarity with the Governing Law and the Forum's Interest in Adjudicating the Dispute.*

The public factors to be considered include:  (a) the forum's familiarity with the governing law, (b) the forum's interest in adjudicating the dispute, (c) the burden of jury duty on the forum's community, and (d) the relative docket congestion. *See e.g., Cellularvision Tech. & Telecomms., L.P. v. Cellco P'ship,* No. 06-60666-CIV, 2006 WL 2871858, at *4 (S.D.Fla. Sept. 12, 2006).

<u>Governing Law</u>.  Supplementary proceedings to enforce a money judgment must accord with the procedure of the state where the court is located.  *See* Fed. R. Civ. P. 69(a)(1).  The dispute arises out of the post judgment proceedings in the Illinois action.  Plaintiffs, P2 Portfolio Managing Member LLC and Ivankovich Family LLC, conceded that Illinois law applies to the post judgment collection proceedings.  (Ex. A, Doc. 191 at PageID 1549). While the moving Defendants are confident in this Court's ability to interpret Illinois law, federal courts in Illinois engage in that exercise with far greater frequency and, thus, can fairly be expected to have developed some expertise in that area, which weighs in favor of transfer.

Illinois law allows supplementary proceedings to determine whether a judgment debtor possesses assets that may be applied to satisfy the judgment, or whether a third party is holding assets of the judgment debtor, which may be applied to satisfy the judgment.  *See* 735 I.L.C.S. § 5/2-1402; *see also* Illinois Supreme Court Rule 277.  An Illinois citation is required to include language subjecting the respondent to examination for the purposes of allowing the judgment

creditor to discover income and assets belonging to the judgment debtor or assets in which the judgment debtor has an interest. *See* 735 ILCS 5/2-1402 (a), (b). A citation prohibits a respondent from making or allowing any transfer or other disposition of, or interfering with, any non-exempt property belonging to the judgment debtor or to which he or she may be entitled or which may thereafter be acquired by or become due, until the further order of the court or the termination of the proceeding, whichever occurs first. *See* 735 ILCS 5/2-1402 (f)(1). A third-party respondent may withhold up to double the amount of the balance due sought to be enforced by the judgment creditor. (*Id.*).

    <u>Interest in the Outcome</u>.  The Northern District of Illinois has an interest in the outcome of this action, and even stated that it was the appropriate forum to address the instant dispute. Judge Coleman stated that the better way for the Plaintiffs to have approached the issue of the frozen Stifel accounts [that are no longer frozen], was to file a request with the Northern District of Illinois instead of filing what appears to be a baseless lawsuit in another federal court.  (*See* Ex. B).  To have parallel disputes in two federal court needlessly clogs busy federal dockets.

### 4. The Northern District of Illinois is Familiar with the Operative Facts.  Trial Efficiency, Including the "First Filed Rule" and the Interests of Justice—Based on the Totality of the Circumstances, Weigh Strongly in Favor of Transfer.

    It would be proper to transfer the matter to the Northern District of Illinois in the interests of judicial economy and under the "first filed rule." "Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first filed suit under the first-filed rule." *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). "All that need be present is that the two actions involve closely related questions or common subject matter . . . The cases need not be identical to be duplicative." *Strother v. Hylas Yachts, Inc*., No. 12-80283, 2012 WL 4531357, at

*2 (S.D. Fla. Oct. 1, 2012) (Hurley, J.). "[O]nce the court determines that the two suits likely involve substantial overlap, it is no longer up to the second-filed court to resolve the question of whether both should be allowed to proceed." *In re Checking Account Overdraft Litigation,* 859 F. Supp. 2d 1313, 1325 (S.D. Fla. 2012) (King, J.). "Rather, the proper course of action is for the court to transfer the case to the first-filed court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." *Id.* (citations and quotations omitted). "Moreover, … the party objecting to jurisdiction in the first-filed forum carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." *Manuel*, 430 F.3d at 1135. [4]

Here, there is no question the Ivankovich action was filed first and there is substantial overlap.  The Ivankovich action was commenced on August 24, 2020. (Ex. A). The judgment entered on August 17, 2020 triggered post judgment proceedings in Illinois. (Ex. A, Doc. 92). There are outstanding answers to Illinois court-issued citations that were served on two Plaintiffs, on or about April 13, 2022. (Ex. A, Doc. 176, 178).  The action in Florida was filed after these events on May 11, 2022, and allegations and claims overlap, because they relate to the rights to freeze or turn over assets in Stifel accounts to satisfy the Illinois judgment.  All parties, other than the Doe defendants, are parties or participants in the Ivankovich action.  The "first filed" rule necessitates transfer.

Additionally, Illinois Supreme Court Rule 277(f) provides that a citation terminates six months from the date of the respondent's first personal appearance unless the court grants an extension to fit the needs of a given case.  The instant Complaint overlaps with ongoing citation

---

[4]  Indeed the U.S. Supreme Court has made clear that when a similar case or claims are merely *pending* in another federal court, the second-in-time tribunal "generally has discretion to decide whether to dismiss [its] suit[.]" *Elgin v. Dep't of Treasury,* 567 U.S. 1, 14 (2012).

proceedings served on two Plaintiffs or about April 13, 2022 (Ex. A, at Doc. 174, 176, 178), which may be pending for months to come. *See* Ill. Sup. Ct. R. 277(f). Evidence gathered from the Illinois proceedings may determine whether assets in Plaintiffs' Stifel accounts contain judgment debtor's property subject to turn over. Judicial economy also dictates that Judge Coleman of the Northern District of Illinois should decide issues that stem from the post-judgment collection efforts in Illinois that give rise to the purported claims by Plaintiff in Florida which appear to be Plaintiffs' attempt at re-litigating issues already argued and/or pending in Illinois. Judicial economy would be gained by bringing an action before the same court and judge with knowledge of a related action and more familiar with the governing law.[5]

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Co-Defendants, Stifel, Nicolaus & Co., Incorporated and William Scherr, respectfully request that this Court grant their Motion for Transfer of Venue pursuant to 28 U.S.C. § 1404(a), and issue an order instructing the Clerk of Court to transfer this case to the United States District Court for the Northern District of Illinois and to mark the case as closed in this District, and for whatever additional relief that this Court deems just and proper.

Respectfully submitted,

/s/ *Marc S. Dobin*
Marc S. Dobin
DobinLaw
250 Tresana Blvd., #86, Jupiter, FL  33478
Service@Dobinlaw.com
MDobin@Dobinlaw.com
561-575-5880
561-203-4153 - fax
Attorney for Defendants Stifel and William Scherr

---

[5] Stifel and Scherr filed a Notice of Related Action with the Court on May 18, 2022. *See* ECF 8.

**Certification of Good Faith Attempt to Resolve Issues Raised in this Motion**

Pursuant to Southern District of Florida Local Rule 7.1a (3),the undersigned counsel for the moving Defendants hereby certifies that counsel for the movants has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

*/s/ Marc S. Dobin*

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on June 15, 2022 on all counsel or parties of record on the Service List below.

/s/  *Marc S. Dobin*

Jason Wandner
Fla Bar # 0114960
100 N. Biscayne Boulevard
Suite 1607
Miami, Florida 33132
Email: jason@wandnerlaw.com
Telephone (305) 868-1655
Fax (305) 503-7480
Attorney for Plaintiffs

**DEFENDANTS STIFEL & SCHERR'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

# <u>EXHIBIT A</u>

# United States District Court
## Northern District of Illinois - CM/ECF NextGen 1.6.3 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:20-cv-04985

Zhu Zhai Holdings Limited et al v. Ivankovich
Assigned to: Honorable Sharon Johnson Coleman
Demand: $9,999,000
Case in other court: 21-03038
Cause: 28:1332 Diversity-Breach of Contract

Date Filed: 08/24/2020
Date Terminated: 08/17/2021
Jury Demand: Both
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

### Plaintiff

**Zhu Zhai Holdings Limited**

represented by **Amir R. Tahmassebi**
Konicek & Dillon, P.C.
21 W. State Street
Geneva, IL 60134
(630)262-9655
Fax: Not a member
Email: amir@konicekdillonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Connor James Whitting**
Konicek & Dillon, P.C.
21 W. State St.
Geneva, IL 60134
630-262-9655
Email: connor@konicekdillonlaw.com
*ATTORNEY TO BE NOTICED*

**Robert Joynt**
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue
22nd Floor
New York, NY 10010
(212) 849-7000
Fax: Pro Hac Vice
Email: robertjoynt@quinnemanuel.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sascha N. Rand**
Quinn Emanuel Urquhart Oliver & Hedges LLP
51 Madison Avenue
22nd Floor
New York, NY 10010
212 849 7000
Fax: Pro Hac Vice
Email: sascharand@quinnemanuel.com
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Steven P. Lammers**
Mandel Horn & Rauch, P.C.
704 Adams Street
Suite F
Carmel, IN 46032
(317) 581-7440
Fax: Voluntary Withdraw
Email: slammers@mhmrlaw.com
*ATTORNEY TO BE NOTICED*

**Tyler Whitmer**
Quinn Emanuel Urquhart & Sullivan LLP
1300 I Street, NW
Suite 900
Washington, DC 20005
(202) 538-8000
Fax: Pro Hac Vice
Email: tylerwhitmer@quinnemanuel.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Will Sears**
Quinn Emanuel Urquhart & Sullivan LLP
865 South Figueroa Street
10th Floor
Los Angeles, CA 90017
(213) 443-3000
Fax: Pro Hac Vice
Email: willsears@quinnemanuel.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Lakin**
Quinn Emanuel Urquhart & Sullivan, Llp
191 N. Wacker
Suite 2700
Chicago, IL 60606
(312) 705-7400
Fax: Not a member
Email: davidlakin@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Peter Pui Tak Lee**                     represented by   **Amir R. Tahmassebi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Connor James Whitting**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Joynt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sascha N. Rand**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Steven P. Lammers**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tyler Whitmer**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Will Sears**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Lakin**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**Steven Ivankovich**                    represented by **Daryl M. Schumacher**
                                         Kopecky Schumacher Rosenburg PC
                                         120 N. LaSalle Street
                                         Suite 2000
                                         Chicago, IL 60602
                                         (312) 380-6556
                                         Fax: Not a member
                                         Email: dschumacher@ksrpc.com
                                         *TERMINATED: 05/21/2021*
                                         *LEAD ATTORNEY*

                                         **Jason M Wandner**
                                         Jason M. Wandner
                                         100 N. Biscayne Boulevard, ste 1607
                                         Miami, FL 33132
                                         (305) 868-1655
                                         Fax: Pro Hac Vice
                                         Email: jason@wandnerlaw.com
                                         *LEAD ATTORNEY*
                                         *PRO HAC VICE*
                                         *ATTORNEY TO BE NOTICED*

**<u>Intervenor</u>**

**Atlas Apartments Acquisition LLC**

represented by **Cecilio Ivan Porras**
Chuhak & Tecson PC
120 S. Riverside Plaza
Ste. 1700
Chicago, IL 60606
(312) 855-4314
Fax: Not a member
Email: cporras@chuhak.com
*ATTORNEY TO BE NOTICED*

**Michael William Debre , III**
Chuhak & Tecson, PC
120 S. Riverside Plaza
Suite 1700
Chicago, IL 60606
(312) 855-4603
Fax: Not a member
Email: mdebre@chuhak.com
*ATTORNEY TO BE NOTICED*

**Intervenor**

**Atlas Apartment Homes LLC**

represented by **Cecilio Ivan Porras**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael William Debre , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor**

**Atlas Multifamily Three LLC**

represented by **Cecilio Ivan Porras**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael William Debre , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor**

**Atlas MF Mezzanine Borrower LLC**

represented by **Cecilio Ivan Porras**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael William Debre , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor**

**Premier Orlando Portfolio Two LLC**

represented by **Cecilio Ivan Porras**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael William Debre , III**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor**

**Atlas Alexandria & Parcvue LLC**    represented by   **Cecilio Ivan Porras**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael William Debre , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor**

**Atlas Crowntree Lakes LLC**    represented by   **Cecilio Ivan Porras**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael William Debre , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor**

**Atlas Apartment Holdings LLC**    represented by   **Cecilio Ivan Porras**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael William Debre , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor**

**P2 Portfolio Managing Member LLC**    represented by   **Cecilio Ivan Porras**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael William Debre , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor**

**Atlas Birchwood LLC**    represented by   **Cecilio Ivan Porras**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael William Debre , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor**

**Ivankovich Family LLC**    represented by   **Cecilio Ivan Porras**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael William Debre , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/24/2020 | 1 | COMPLAINT filed by Zhu Zhai Holdings Limited, Peter Pui Tak Lee; Jury Demand. Filing fee $ 400, receipt number 0752-17357625.(Lakin, David) (Entered: 08/24/2020) |
| 08/24/2020 | 2 | CIVIL Cover Sheet (Lakin, David) (Entered: 08/24/2020) |
| 08/24/2020 | 3 | ATTORNEY Appearance for Plaintiffs Peter Pui Tak Lee, Zhu Zhai Holdings Limited by David Lakin (Lakin, David) (Entered: 08/24/2020) |
| 08/24/2020 | 4 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Zhu Zhai Holdings Limited (Lakin, David) (Entered: 08/24/2020) |
| 08/25/2020 | 5 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-17358483. (Whitmer, Tyler) (Entered: 08/25/2020) |
| 08/25/2020 | | CASE ASSIGNED to the Honorable Sharon Johnson Coleman. Designated as Magistrate Judge the Honorable Susan E. Cox. Case assignment: Random assignment. (dxb, ) (Entered: 08/25/2020) |
| 08/25/2020 | | SUMMONS Issued as to Defendant Steven Ivankovich (mp, ) (Entered: 08/25/2020) |
| 08/25/2020 | 7 | MINUTE entry before the Honorable Sharon Johnson Coleman: Attorney Tyler Whitmer's motion for leave to appear pro hac vice 5 is granted. Mailed notice. (ym, ) (Entered: 08/25/2020) |
| 08/26/2020 | 8 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-17363426. (Sears, Will) (Entered: 08/26/2020) |
| 08/26/2020 | 9 | MINUTE entry before the Honorable Sharon Johnson Coleman: Attorney Will Sears' motion for leave to appear pro hac vice 8 is granted. Mailed notice. (ym, ) (Entered: 08/26/2020) |
| 09/15/2020 | 10 | SUMMONS Returned Executed by Zhu Zhai Holdings Limited, Peter Pui Tak Lee as to Steven Ivankovich on 9/1/2020, answer due 9/22/2020. (Lakin, David) (Entered: 09/15/2020) |
| 10/02/2020 | 11 | REQUEST For Default *Pursuant to Federal Rule of Civil Procedure 55(a)* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Whitmer, Tyler) (Entered: 10/02/2020) |
| 10/02/2020 | 12 | MINUTE entry before the Honorable Sharon Johnson Coleman: Presentment of plaintiffs' request for entry of default 11 is set for 10/28/2020 at 9:45 AM as a telephone conference. The call-in number is (877)336-1829 and the access code is 5205245. Members of the public and media will be able to call in to listen to this hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (ym, ) (Entered: 10/02/2020) |
| 10/28/2020 | 13 | MINUTE entry before the Honorable Sharon Johnson Coleman: Telephonic motion hearing held on 10/28/2020. Defendant appeared pro se and reported that he intends to retain counsel. Retained counsel is to file an appearance by 11/12/2020. Plaintiff's request for entry of default 11 is entered and continued. Telephonic status hearing is set for |

| | | |
|---|---|---|
| | | 11/17/2020 at 9:30 AM. The call-in number is (877)336-1829 and the access code is 5205245. Members of the public and media will be able to call in to listen to this hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (ym, ) (Entered: 10/28/2020) |
| 11/17/2020 | 14 | MINUTE entry before the Honorable Sharon Johnson Coleman: Telephonic status hearing held on 11/17/2020. Defendant did not appear nor contact the Court. Counsel for plaintiff reports that he has tried to reach out to defendant with no success. Plaintiff's request for entry of default 11 is granted. Default is entered pursuant to FRCP 55(a) as to Steven Ivankovich for failure to answer or otherwise plead. Mailed notice. (ym, ) (Entered: 11/17/2020) |
| 11/20/2020 | 15 | MOTION by Plaintiffs Peter Pui Tak Lee, Zhu Zhai Holdings Limited for default judgment as to *Defendant Steven Ivankovich* (Whitmer, Tyler) (Entered: 11/20/2020) |
| 11/20/2020 | 16 | MEMORANDUM by Peter Pui Tak Lee, Zhu Zhai Holdings Limited in support of motion for default judgment 15 *Against Defendant Steven Ivankovich* (Attachments: # 1 Exhibit A - Declaration of Augustine Chin Cheung Fan, # 2 Exhibit B - Declaration of Tyler J. Doherty, # 3 Exhibit C - Declaration of Tyler Whitmer, # 4 Exhibit D - ZZH Promissory Note, # 5 Exhibit E - ZZH Pledge and Security Agreement, # 6 Exhibit F - ZZH Guaranty Agreement, # 7 Exhibit G - Lee Promissory Note, # 8 Exhibit H - Lee Pledge and Security Agreement, # 9 Exhibit I - Lee Guaranty Agreement, # 10 Exhibit J - Transcript of October 28, 2020 Hearing, # 11 Appendix of Unpublished Cases)(Whitmer, Tyler) (Entered: 11/20/2020) |
| 11/20/2020 | 17 | NOTICE of Motion by Tyler Whitmer for presentment of motion for default judgment 15 before Honorable Sharon Johnson Coleman on 12/1/2020 at 11:00 AM. (Whitmer, Tyler) (Entered: 11/20/2020) |
| 11/24/2020 | 18 | MINUTE entry before the Honorable Sharon Johnson Coleman: The presentment of plaintiffs' motion for default judgment 15 set for 12/1/2020 at 11:00 AM will proceed by telephone conference. The call-in number is (877)336-1829 and the access code is 5205245. Members of the public and media will be able to call in to listen to this hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (ym, ) (Entered: 11/24/2020) |
| 11/27/2020 | 19 | ATTORNEY Appearance for Defendant Steven Ivankovich by Daryl M. Schumacher (Schumacher, Daryl) (Entered: 11/27/2020) |
| 11/27/2020 | 20 | MOTION by Defendant Steven Ivankovich to vacate *entry of default* (Attachments: # 1 Exhibit A)(Schumacher, Daryl) (Entered: 11/27/2020) |
| 11/30/2020 | 21 | RESPONSE by Peter Pui Tak Lee, Zhu Zhai Holdings Limitedin Opposition to MOTION by Defendant Steven Ivankovich to vacate *entry of default* 20 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Appendix of Unpublished Cases) (Whitmer, Tyler) (Entered: 11/30/2020) |
| 12/01/2020 | 22 | TRANSCRIPT OF PROCEEDINGS held on 10/28/2020 before the Honorable Sharon Johnson Coleman. Order Number: 39407. Court Reporter Contact Information: TRACEY |

| | | D. McCULLOUGH, 312-435-5570, tracey_mccullough@ilnd.uscourts.gov. <P>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.</P> Redaction Request due 12/22/2020. Redacted Transcript Deadline set for 1/1/2021. Release of Transcript Restriction set for 3/1/2021. (Mccullough, Tracey) (Entered: 12/01/2020) |
|---|---|---|
| 12/01/2020 | 23 | TRANSCRIPT OF PROCEEDINGS held on 11/17/2020 before the Honorable Sharon Johnson Coleman. Order Number: 39609. Court Reporter Contact Information: TRACEY D. McCULLOUGH, 312-435-5570, tracey_mccullough@ilnd.uscourts.gov. <P>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.</P> Redaction Request due 12/22/2020. Redacted Transcript Deadline set for 1/1/2021. Release of Transcript Restriction set for 3/1/2021. (Mccullough, Tracey) (Entered: 12/01/2020) |
| 12/01/2020 | 24 | MINUTE entry before the Honorable Sharon Johnson Coleman: Telephonic motion hearing held on 12/1/2020. At the Court's first hearing in this matter on 10/28/2020, pro se defendant appeared and reported that he was retaining counsel. The Court directed defendant's counsel to file an appearance by 11/12/2020 which did not occur; the Court then granted plaintiffs' motion for default on 11/17/2020 as unopposed. Ten days after entry of default, defendant's counsel filed his appearance and also filed a motion to vacate the entry of default. With this slight delay in mind in the midst of a pandemic, the Court exercises its discretion and grants defendant's motion to vacate the order of default 20 because defendant has established good cause for the short delay. Specifically, counsel explains that his client was unable to retain counsel and pay a retainer until 11/25/2020. Counsel also took quick action to correct the default and has set forth potentially meritorious defenses. Because the Court grants defendant's motion to set aside the entry of default, the Court denies plaintiffs' motion for a default judgment 15 . Similarly, plaintiffs' request for fees and for posting of a bond are unwarranted at this time. Defendant's answer is due on or before 12/22/2020. Mailed notice. (ym, ) (Entered: 12/01/2020) |
| 12/22/2020 | 25 | ANSWER to Complaint with Jury Demand by Steven Ivankovich(Schumacher, Daryl) (Entered: 12/22/2020) |
| 12/29/2020 | 26 | TRANSCRIPT OF PROCEEDINGS held on 12/1/2020 before the Honorable Sharon Johnson Coleman. Order Number: 39665. Court Reporter Contact Information: TRACEY D. McCULLOUGH, 312-435-5570, tracey_mccullough@ilnd.uscourts.gov. <P>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.</P> Redaction Request due 1/19/2021. Redacted Transcript Deadline set for 1/29/2021. Release of Transcript Restriction set for 3/29/2021. (Mccullough, Tracey) (Entered: 12/29/2020) |
| 01/29/2021 | 27 | STATUS Report *(Joint)* by Peter Pui Tak Lee, Zhu Zhai Holdings Limited (Whitmer, Tyler) (Entered: 01/29/2021) |

| 01/29/2021 | 28 | MINUTE entry before the Honorable Sharon Johnson Coleman: Telephone status hearing is set for 2/9/2021 at 9:15 AM. The call-in number is (877)336-1829 and the access code is 5205245. Members of the public and media will be able to call in to listen to this hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (ym, ) (Entered: 01/29/2021) |
|---|---|---|
| 02/05/2021 | 29 | MOTION by Plaintiffs Peter Pui Tak Lee, Zhu Zhai Holdings Limited for protective order *(Joint)* (Attachments: # 1 Exhibit A - Redline of Agreed Protective Order) (Whitmer, Tyler) (Entered: 02/05/2021) |
| 02/05/2021 | 30 | MINUTE entry before the Honorable Sharon Johnson Coleman: Plaintiffs' joint motion for entry of agreed protective order 29 is granted. Enter Order. Mailed notice. (ym, ) (Entered: 02/05/2021) |
| 02/05/2021 | 31 | AGREED CONFIDENTIALITY Order. Signed by the Honorable Sharon Johnson Coleman on 2/5/2021. Mailed notice. (ym, ) (Entered: 02/05/2021) |
| 02/09/2021 | 32 | MINUTE entry before the Honorable Sharon Johnson Coleman: Telephone status hearing held on 2/9/2021. Fact discovery to be completed by 5/28/2021. Case is referred to Magistrate Judge Cox for discovery supervision and settlement. Telephone status hearing is set for 6/7/2021 at 9:30 AM. The call-in number is (877)336-1829 and the access code is 5205245. Members of the public and media will be able to call in to listen to this hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (ym, ) (Entered: 02/09/2021) |
| 02/09/2021 | 33 | Pursuant to Local Rule 72.1, this case is hereby referred to the calendar of Honorable Susan E. Cox for the purpose of holding proceedings related to: discovery supervision and settlement conference. Mailed notice. (ym, ) (Entered: 02/09/2021) |
| 02/10/2021 | 34 | MINUTE entry before the Honorable Susan E. Cox: This case is has been referred to the calendar of Honorable Susan E. Cox for the purpose of discovery supervision and a settlement conference. The District Judge has set a fact discovery deadline of 5/28/21. The parties are ordered to file an updated joint status report on 3/1/21 informing the Court of the progress of fact discovery and whether the parties believe a settlement conference would be fruitful at that time. The parties are further ordered to review Judge Cox's standing orders on Discovery Motions and Settlement Conferences and comply with them while proceeding before this Court. Mailed notice (np, ) (Entered: 02/10/2021) |
| 02/16/2021 | 35 | TRANSCRIPT OF PROCEEDINGS held on 2/9/2021 before the Honorable Sharon Johnson Coleman. Order Number: 40109. Court Reporter Contact Information: TRACEY D. McCULLOUGH, 312-435-5570, tracey_mccullough@ilnd.uscourts.gov. <P>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.</P> Redaction Request due 3/9/2021. |

| | | |
|---|---|---|
| | | Redacted Transcript Deadline set for 3/19/2021. Release of Transcript Restriction set for 5/17/2021. (Mccullough, Tracey) (Entered: 02/16/2021) |
| 02/17/2021 | 36 | MOTION by Defendant Steven Ivankovich to quash *Subpoena to Chase Bank* (Attachments: # 1 Exhibit 1)(Schumacher, Daryl) (Entered: 02/17/2021) |
| 02/17/2021 | 37 | NOTICE by Steven Ivankovich re MOTION by Defendant Steven Ivankovich to quash *Subpoena to Chase Bank* 36 *(Withdrawal of Motion)* (Schumacher, Daryl) (Entered: 02/17/2021) |
| 02/17/2021 | 38 | MINUTE entry before the Honorable Sharon Johnson Coleman: Defendant Steven Ivankovich's motion to quash subpoena to JP Morgan Chase Bank, NA 36 is granted. Mailed notice. (ym, ) (Entered: 02/17/2021) |
| 02/17/2021 | 39 | MINUTE entry before the Honorable Sharon Johnson Coleman: The Court vacates minute entry 38 and enters the following: Pursuant to defendant Steven Ivankovich's notice of withdrawal 37 , defendant Ivankovich's motion to quash subpoena to JP Morgan Chase Bank, NA 36 is withdrawn. Mailed notice. (ym, ) (Entered: 02/17/2021) |
| 03/01/2021 | 40 | STATUS Report *(Joint)* by Peter Pui Tak Lee, Zhu Zhai Holdings Limited (Whitmer, Tyler) (Entered: 03/01/2021) |
| 03/02/2021 | 41 | MINUTE entry before the Honorable Susan E. Cox: The Court has reviewed the parties' joint status report, which outlines several discovery disputes that are currently outstanding between the parties. There are not any outstanding motions on any of these issues, and the Court will refrain from opining on those matters until they are brought before the Court in the appropriate motion. The status report states that Plaintiff would like a settlement conference, but does not provide the Defendant's position on a settlement conference. The Court will not set a settlement conference until both parties have agreed that it would be fruitful. If the parties agree that they would like a settlement conference, they may contact the Court at any time to begin the scheduling process. The parties are ordered to file an updated joint status report on 4/1/21 regarding the status of fact discovery. Mailed notice (np, ) (Entered: 03/02/2021) |
| 03/12/2021 | 42 | MOTION by Plaintiffs Peter Pui Tak Lee, Zhu Zhai Holdings Limited to compel *Production of Documents and Responses to Interrogatories* (Whitmer, Tyler) Modified on 4/21/2021 (np, ). (Entered: 03/12/2021) |
| 03/12/2021 | 43 | MEMORANDUM by Peter Pui Tak Lee, Zhu Zhai Holdings Limited in support of motion to compel 42 (Attachments: # 1 Ex. A - Requests for Production, # 2 Ex. B - Interrogatories, # 3 Ex. C - Responses to Requests for Production, # 4 Ex. D - Responses to Interrogatories (Redacted), # 5 Ex. E - Feb. 19, 2021 Letter, # 6 Ex. F - Feb. 24, 2021 Email from Daryl Schumacher to Will Sears, # 7 Ex. G - Suppl. Responses and Objections to Plaintiffs' First Set of Document Requests, # 8 Ex. H - March 5, 2021 Email from Daryl Schumacher to Will Sears, # 9 Ex. I - Atlas Huntington Ridge LLC, et al. v. Atlas Apartment Homes, LLC, et al. Docket, # 10 Ex. J - Atlas Huntington Ridge LLC, et al. v. Atlas Apartment Homes, LLC, et al. Order, # 11 Ex. K - Local Rule 37.2 Certificate)(Whitmer, Tyler) (Entered: 03/12/2021) |
| 03/12/2021 | 44 | MOTION by Plaintiffs Peter Pui Tak Lee, Zhu Zhai Holdings Limited to seal *Ex. D to Plaintiffs' Memorandum of Law in Support of Their Motion to Compel (Dkt. 43-4)* (Whitmer, Tyler) (Entered: 03/12/2021) |
| 03/12/2021 | 45 | SEALED DOCUMENT by Plaintiffs Peter Pui Tak Lee, Zhu Zhai Holdings Limited *Dkt. 43-4, Ex. D to Plaintiffs' Memorandum of Law In Support of Their Motion to Compel* (Whitmer, Tyler) (Entered: 03/12/2021) |
| 03/15/2021 | 46 | MINUTE entry before the Honorable Susan E. Cox: Plaintiff's Motion to seal Ex. D to |

|  | | Plaintiffs' Memorandum of Law in Support of Their Motion to Compel 44 is granted. Plaintiff's Motion to compel Production of Documents and Responses to Interrogatories 42 is set for a hearing 3/22/21 at 9:30 a.m. Call in information is 888-684-8852 and the passcode is 1664086. Counsel shall dial in to the conference call number 5-10 minutes before the hearing begins and mute their microphones until their case is called. The parties may disconnect from the conference call after their case is heard. Mailed notice (np, ) (Entered: 03/15/2021) |
| --- | --- | --- |
| 03/19/2021 | 47 | MEMORANDUM by Steven Ivankovich in Opposition to motion to compel 42 (Schumacher, Daryl) (Entered: 03/19/2021) |
| 03/21/2021 | 48 | REPLY by Plaintiffs Peter Pui Tak Lee, Zhu Zhai Holdings Limited to motion to compel 42 (Attachments: # 1 Ex. L - 2/9/2021 Email from D. Schumacher)(Whitmer, Tyler) (Entered: 03/21/2021) |
| 03/21/2021 | 49 | MOTION by Defendant Steven Ivankovich for leave to file *response brief* (Attachments: # 1 Exhibit 1)(Schumacher, Daryl) (Entered: 03/21/2021) |
| 03/22/2021 | 50 | TRANSCRIPT OF PROCEEDINGS held on 3/22/21 before the Honorable Susan E. Cox. Order Number: 40376. Court Reporter Contact Information: Kathleen_Fennell@ilnd.uscourts.gov. <P>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.</P> Redaction Request due 4/12/2021. Redacted Transcript Deadline set for 4/22/2021. Release of Transcript Restriction set for 6/21/2021. (Fennell, Kathleen) (Entered: 03/22/2021) |
| 03/22/2021 | 51 | MINUTE entry before the Honorable Susan E. Cox: Motion hearing held. Defendant's Motion for Leave to File Response Brief 49 is denied. Plaintiffs' Motion to Compel 42 is entered and continued. Parties are ordered to meet and confer via videoconference regarding targeted discovery as discussed in open court. Per the Court's guidance, the parties should focus their negotiations primarily on scope rather than relevance. That conference must take place on or before 4/5/21. The parties shall file a joint statement regarding any outstanding motions that require the Court's ruling following that conference on or before 4/12/21. The Court hereby sets a telephonic status hearing for 4/19/21 at 10:30 a.m. to rule on any outstanding discovery issues. Call in information is 888-684-8852 and the passcode is 1664086. Counsel shall dial in to the conference call number 5-10 minutes before the hearing begins and mute their microphones until their case is called. Mailed notice (np, ) (Entered: 03/24/2021) |
| 03/25/2021 | 52 | MINUTE entry before the Honorable Susan E. Cox: In light of the 4/12/2021 joint statement the Court has recently ordered the parties to file, the 4/1/2021 status report is hereby stricken. The 4/12/2021 status report should also report on the status of fact discovery. Mailed notice (np, ) (Entered: 03/25/2021) |
| 04/12/2021 | 53 | STATUS Report *(Joint)* by Peter Pui Tak Lee, Zhu Zhai Holdings Limited (Whitmer, Tyler) (Entered: 04/12/2021) |
| 04/19/2021 | 56 | MINUTE entry before the Honorable Susan E. Cox: Status hearing set for 4/19/2021 is reset to 4/20/2021 at 9:30 a.m. Defendant appeared after the Court call. Call in information is 888-684-8852 and the passcode is 1664086. Counsel shall dial in to the conference call number 5-10 minutes before the hearing begins and mute their microphones until their case is called. Mailed notice (np, ) (Entered: 04/20/2021) |

| 04/20/2021 | 54 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-18144502. (Joynt, Robert) (Entered: 04/20/2021) |
| 04/20/2021 | 55 | MINUTE entry before the Honorable Sharon Johnson Coleman: Attorney Robert Joynt's motion for leave to appear pro hac vice 54 is granted. Mailed notice. (ym, ) (Entered: 04/20/2021) |
| 04/20/2021 | 57 | MINUTE entry before the Honorable Susan E. Cox: Status hearing held 4/20/21. As discussed in open court, Defendant is ordered to re-issue the financial statement he produced in discovery with a verification under oath affirming its accuracy. A verified financial statement will satisfy Defendant's obligations to respond to RFP 20. The Court will not require Defendant to produce the underlying documents substantiating the figures contained in the financial statement. Fact discovery to be completed by 5/28/2021. The parties are ordered to file an updated joint status report on 5/24/21 regarding the progress of fact discovery, proposing any expert discovery schedule necessary, and informing the Court whether they believe a settlement conference would be fruitful. Mailed notice (np, ) (Entered: 04/20/2021) |
| 04/26/2021 | 58 | MOTION by Plaintiffs Peter Pui Tak Lee, Zhu Zhai Holdings Limited for Entry of Stipulation Regarding Discovery of Electronically Stored Information *(Joint)* (Attachments: # 1 Ex. A - Stipulation Regarding Discovery of Electronically Stored Information)(Whitmer, Tyler) (Entered: 04/26/2021) |
| 04/27/2021 | 59 | MINUTE entry before the Honorable Susan E. Cox: Joint Motion for Entry of Stipulation Regarding Discovery of Electronically Stored Information 58 is granted. Enter Order. Mailed notice (np, ) (Entered: 04/27/2021) |
| 04/27/2021 | 60 | STIPULATION regarding discovery of Electronically Stored Information - Signed by the Honorable Susan E. Cox on 4/27/2021. Mailed notice (np, ) (Entered: 04/27/2021) |
| 04/30/2021 | 61 | TRANSCRIPT OF PROCEEDINGS held on 4/20/2021 before the Honorable Susan E. Cox. Order Number: 40565. Court Reporter Contact Information: Amy Spee, amyofficialtranscripts@gmail.com. <P>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.</P> Redaction Request due 5/21/2021. Redacted Transcript Deadline set for 5/31/2021. Release of Transcript Restriction set for 7/29/2021. (Spee, Amy) (Entered: 04/30/2021) |
| 05/10/2021 | 62 | MOTION by Attorney Daryl M. Schumacher to withdraw as attorney for Steven Ivankovich. New address information: Steven Ivankovich 235 W. Menomenee St., Chicago, IL 60614 (Schumacher, Daryl) (Entered: 05/10/2021) |
| 05/10/2021 | 63 | MINUTE entry before the Honorable Sharon Johnson Coleman: Presentment of attorney Daryl M. Schumacher's motion to withdraw as counsel 62 is set for 5/24/2021 at 10:00 AM by telephone conference. The call-in number is (877)336-1829 and the access code is 5205245. Members of the public and media will be able to call in to listen to this hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Defendant Steven Ivankovich is to be present at the telephone status. Mailed notice. (ym, ) (Entered: 05/10/2021) |
| 05/12/2021 | 64 | MOTION by Defendant Steven Ivankovich to continue *hearing date* (Schumacher, |

| | | Daryl) (Entered: 05/12/2021) |
|---|---|---|
| 05/12/2021 | 65 | MINUTE entry before the Honorable Sharon Johnson Coleman: Attorney Daryl M. Schumacher's motion to reschedule the May 247, 2021 hearing on his motion to withdraw 64 is granted. Presentment of attorney Daryl M. Schumacher's motion to withdraw as counsel 62 set for 5/24/2021 is stricken and reset to 5/21/2021 at 10:00 AM by telephone conference. The call-in number is (877)336-1829 and the access code is 5205245. Members of the public and media will be able to call in to listen to this hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (ym, ) (Entered: 05/12/2021) |
| 05/21/2021 | 66 | MINUTE entry before the Honorable Sharon Johnson Coleman: Telephone motion hearing held on 5/21/2021. Attorney Daryl M. Schumacher's motion to withdraw as counsel 62 is granted. Attorney Daryl M. Schumacher terminated. Defendant is to retain new counsel by 6/21/2021. An in-person status hearing is set for 6/21/2021 at 9:15 AM. Telephone status hearing set for 6/7/2021 is stricken. Mailed notice. (ym, ) (Entered: 05/21/2021) |
| 05/24/2021 | 67 | STATUS Report by Peter Pui Tak Lee, Zhu Zhai Holdings Limited (Whitmer, Tyler) (Entered: 05/24/2021) |
| 06/04/2021 | 68 | MINUTE entry before the Honorable Susan E. Cox: The Court has reviewed Plaintiff's status report. Because Defendant is currently unrepresented, the status of discovery is in flux. The parties are ordered to file an updated status report on 6/28/21 informing the Court of Defendant's attempt to retain counsel and any new counsel's plans for completing fact and expert discovery. Mailed notice (np, ) (Entered: 06/04/2021) |
| 06/07/2021 | 69 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-18326298. (Rand, Sascha) (Entered: 06/07/2021) |
| 06/08/2021 | 70 | MINUTE entry before the Honorable Sharon Johnson Coleman: Attorney Sascha N, Rand's motion for leave to appear pro hac vice 69 is granted. Mailed notice. (ym, ) (Entered: 06/08/2021) |
| 06/08/2021 | 71 | Notice of Withdrawal of Counsel by Peter Pui Tak Lee, Zhu Zhai Holdings Limited (Lakin, David) (Entered: 06/08/2021) |
| 06/17/2021 | 72 | MINUTE entry before the Honorable Sharon Johnson Coleman: Status hearing set for 6/21/2021 is stricken and reset to 7/1/2021 at 9:30 AM. Mailed notice. (ym, ) (Entered: 06/17/2021) |
| 06/25/2021 | 73 | REQUEST For Default *Against Defendant Steven Ivankovich (Second)* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Sears, Will) (Entered: 06/25/2021) |
| 06/28/2021 | 74 | STATUS Report by Peter Pui Tak Lee, Zhu Zhai Holdings Limited (Sears, Will) (Entered: 06/28/2021) |
| 06/29/2021 | 75 | MINUTE entry before the Honorable Susan E. Cox: The Court has reviewed the parties' joint status report. Defendant has failed to retain counsel and a motion for default has been filed before the District Judge. The parties are ordered to file an updated joint status report proposing a new fact discovery deadline within 14 days of an appearance on behalf of Defendant being entered or the District Judge denying the motion for default, whichever comes first. If the motion for default is granted and default judgment entered, the status report date will be deemed stricken. Mailed notice (np, ) (Entered: 06/29/2021) |

| | | |
|---|---|---|
| 07/01/2021 | 76 | MINUTE entry before the Honorable Sharon Johnson Coleman: Status hearing held on 7/1/2021. Counsel for plaintiffs, Will Sears appeared by phone with local counsel present in court. Defendant did not appear nor contact the Court. Defendant was to retain counsel, but no attorney appearance has been filed on behalf of defendant. Plaintiffs' second request for entry of default 73 is granted. Default is entered pursuant to FRCP 55(a) as to Steven Ivankovich for failure to answer or otherwise plead. Mailed notice. (ym, ) (Entered: 07/01/2021) |
| 07/09/2021 | 77 | MOTION by Plaintiffs Peter Pui Tak Lee, Zhu Zhai Holdings Limited for default judgment as to *Defendant Steven Ivankovich (Renewed)* (Sears, Will) (Entered: 07/09/2021) |
| 07/09/2021 | 78 | MEMORANDUM by Peter Pui Tak Lee, Zhu Zhai Holdings Limited in support of motion for default judgment 77 *as to Defendant Steven Ivankovich (Renewed)* (Attachments: # 1 Ex. A - Declaration of Augustine Chin Cheung Fan, # 2 Ex. B - Declaration of Tyler Joseph Doherty, # 3 Ex. C - Declaration of William R. Sears)(Sears, Will) (Entered: 07/09/2021) |
| 07/09/2021 | 79 | NOTICE of Motion by Will Sears for presentment of motion for default judgment 77 before Honorable Sharon Johnson Coleman on 7/21/2021 at 11:15 AM. (Sears, Will) (Entered: 07/09/2021) |
| 07/14/2021 | 80 | MINUTE entry before the Honorable Sharon Johnson Coleman: Presentment of plaintiffs' motion for default judgment 77 set for 7/21/2021 at 11:15 AM will proceed as an in-person hearing in courtroom 1241. Mailed notice. (ym, ) (Entered: 07/14/2021) |
| 07/21/2021 | 81 | MINUTE entry before the Honorable Sharon Johnson Coleman: Motion hearing held on 7/21/2021. Plaintiffs' counsel appeared by phone with local counsel present in the courtroom. Counsel for defendant appeared by phone stating that he has been retained but has not filed his motion for leave to appear pro hac vice. Over the objections of plaintiffs, plaintiffs' motion for default judgment 77 is entered and continued to 8/4/2021 at 10:30 AM as an in-person hearing. Mailed notice. (ym, ) (Entered: 07/21/2021) |
| 07/22/2021 | 82 | TRANSCRIPT OF PROCEEDINGS held on 5/21/2021 before the Honorable Sharon Johnson Coleman. Order Number: 40831. Court Reporter Contact Information: TRACEY D. McCULLOUGH, 312-435-5570, tracey_mccullough@ilnd.uscourts.gov. <P>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.</P> Redaction Request due 8/12/2021. Redacted Transcript Deadline set for 8/23/2021. Release of Transcript Restriction set for 10/20/2021. (Mccullough, Tracey) (Entered: 07/22/2021) |
| 07/22/2021 | 83 | TRANSCRIPT OF PROCEEDINGS held on 7/1/2021 before the Honorable Sharon Johnson Coleman. Order Number: 41109. Court Reporter Contact Information: TRACEY D. McCULLOUGH, 312-435-5570, tracey_mccullough@ilnd.uscourts.gov. <P>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.</P> Redaction Request due 8/12/2021. Redacted Transcript Deadline set for 8/23/2021. Release of Transcript Restriction set for 10/20/2021. (Mccullough, Tracey) (Entered: 07/22/2021) |

| 07/26/2021 | 84 | MINUTE entry before the Honorable Sharon Johnson Coleman: The in-person status hearing set for 8/4/2021 at 10:30 AM is reset to 11:00 AM (NOTE TIME CHANGE ONLY). Mailed notice. (ym, ) (Entered: 07/26/2021) |
| 08/03/2021 | 85 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-18529133. (Wandner, Jason) (Entered: 08/03/2021) |
| 08/03/2021 | 86 | MOTION by Defendant Steven Ivankovich to vacate *DEFAULT AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR THE ENTRY OF A FINAL DEFAULT JUDGMENT* (Wandner, Jason) (Entered: 08/03/2021) |
| 08/04/2021 | 87 | RESPONSE by Peter Pui Tak Lee, Zhu Zhai Holdings Limitedin Opposition to MOTION by Defendant Steven Ivankovich to vacate *DEFAULT AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR THE ENTRY OF A FINAL DEFAULT JUDGMENT* 86 (Attachments: # 1 Ex. A - Timeline Demonstrative)(Sears, Will) (Entered: 08/04/2021) |
| 08/04/2021 | 88 | MINUTE entry before the Honorable Sharon Johnson Coleman: Attorney Jason M Wandner's motion for leave to appear pro hac vice 85 is granted. Mailed notice. (ym, ) (Entered: 08/04/2021) |
| 08/04/2021 | 89 | MINUTE entry before the Honorable Sharon Johnson Coleman: Status hearing held on 8/4/2021. Defendant's counsel appeared by phone with local counsel present in court. Local counsel's oral request for leave to file an appearance is granted. Plaintiffs have filed a response to defendant's motion to vacate default 86 . Defendant is to file a reply by 8/6/2021. Once the matter is fully briefed, the Court shall take it under advisement and will set a date if oral argument is needed. Mailed notice. (ym, ) (Entered: 08/04/2021) |
| 08/06/2021 | 90 | REPLY by Defendant Steven Ivankovich to response in opposition to motion, 87 *REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION TO VACATE DEFAULT* (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3)(Wandner, Jason) (Entered: 08/06/2021) |
| 08/17/2021 | 91 | MEMORANDUM Opinion and Order: The Court, in its discretion, denies defendant's motion to vacate the July 1, 2021 entry of default 86 and grants plaintiffs' motion for default judgment in the total amount of $4,503,842 77 . Civil case terminated. Signed by the Honorable Sharon Johnson Coleman on 8/17/2021. Mailed notice. (ym, ) (Entered: 08/17/2021) |
| 08/17/2021 | 92 | ENTERED JUDGMENT. Mailed notice. (ym, ) (Entered: 08/17/2021) |
| 08/18/2021 | 93 | MINUTE entry before the Honorable Susan E. Cox: In light of the judgment entered in this case, the status report is stricken. All matters relating to the referral of this action are resolved; case returned to the assigned judge. Referral terminated. Mailed notice (np, ) (Entered: 08/18/2021) |
| 08/23/2021 | 94 | TRANSCRIPT OF PROCEEDINGS held on 7/21/2021 before the Honorable Sharon Johnson Coleman. Order Number: 41257. Court Reporter Contact Information: TRACEY D. McCULLOUGH, 312-435-5570, tracey_mccullough@ilnd.uscourts.gov. <P>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.</P> Redaction Request due 9/13/2021. Redacted Transcript Deadline set for 9/23/2021. Release of Transcript Restriction set for 11/22/2021. (Mccullough, Tracey) (Entered: 08/23/2021) |

| 08/23/2021 | 95 | TRANSCRIPT OF PROCEEDINGS held on 8/4/2021 before the Honorable Sharon Johnson Coleman. Order Number: 41392. Court Reporter Contact Information: TRACEY D. McCULLOUGH, 312-435-5570, tracey_mccullough@ilnd.uscourts.gov. <P>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.</P> Redaction Request due 9/13/2021. Redacted Transcript Deadline set for 9/23/2021. Release of Transcript Restriction set for 11/22/2021. (Mccullough, Tracey) (Entered: 08/23/2021) |
| --- | --- | --- |
| 09/15/2021 | 96 | MOTION by Defendant Steven Ivankovich DEFENDANT STEVEN IVANKOVICH'S MOTION TO VACATE AND RECONSIDER THE ENTRY OF DEFAULT JUDGMENT AND MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ENTERED AUGUST 17, 2021, AND MEMORANDANDUM OF LAW [Memorandum and Opinion ECF No. 91 and Final Judgment ECF No. 92] (Wandner, Jason) (Entered: 09/15/2021) |
| 09/16/2021 | 97 | MINUTE entry before the Honorable Sharon Johnson Coleman: Presentment of defendant's motion to vacate and reconsider the entry of default judgment and memorandum opinion and order granting plaintiff's motion for default judgment entered August 17, 2021 96 is set for 9/24/2021 at 10:30 AM by telephone conference. The call-in number is (877)336-1829 and the access code is 5205245. Members of the public and media will be able to call in to listen to this hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (ym, ) (Entered: 09/16/2021) |
| 09/21/2021 | 98 | MEMORANDUM by Peter Pui Tak Lee, Zhu Zhai Holdings Limited in Opposition to motion for miscellaneous relief, 96 Motion to Vacate and Reconsider the Entry of Default Judgment (Attachments: # 1 Appendix of Unpublished Cases)(Sears, Will) (Entered: 09/21/2021) |
| 09/22/2021 | 99 | MINUTE entry before the Honorable Sharon Johnson Coleman: Presentment of defendant's motion to vacate and reconsider the entry of default judgment and memorandum opinion and order granting plaintiff's motion for default judgment entered August 17, 2021 96 set for 9/24/2021 is stricken. The Court takes the motion under advisement. Mailed notice. (ym, ) (Entered: 09/22/2021) |
| 10/20/2021 | 100 | ORDER: The Court, in its discretion, denies defendant's motion to vacate and reconsider the entry of default judgment under Federal Rule of Civil Procedure 60(b) 96 . Signed by the Honorable Sharon Johnson Coleman on 10/20/2021. Mailed notice. (ym, ) (Entered: 10/20/2021) |
| 11/02/2021 | 101 | NOTICE of appeal by Steven Ivankovich regarding orders 91 , 100 Filing fee $ 505, receipt number 0752-18829925. Receipt number: n (Attachments: # 1 Exhibit Exhibit 1-Order Granting Default D.E. 91, # 2 Exhibit Exhibit 2-Order Denying Motion to Vacate D.E. 100)(Wandner, Jason) (Entered: 11/02/2021) |
| 11/02/2021 | 102 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal, 101 (pj, ) (Entered: 11/02/2021) |
| 11/02/2021 | 103 | TRANSMITTED to the 7th Circuit the short record on notice of appeal, 101 . Notified counsel (pj, ) (Entered: 11/02/2021) |

| 11/02/2021 | [104](#) | ACKNOWLEDGMENT of receipt of short record on appeal regarding notice of appeal, [101](#) ; USCA Case No. 21-3038 (daj, ) (Entered: 11/02/2021) |
|---|---|---|
| 01/03/2022 | [105](#) | ATTORNEY Appearance for Plaintiffs Peter Pui Tak Lee, Zhu Zhai Holdings Limited by Amir R. Tahmassebi (Tahmassebi, Amir) (Entered: 01/03/2022) |
| 01/03/2022 | [106](#) | MOTION by Plaintiffs Peter Pui Tak Lee, Zhu Zhai Holdings Limitedto Appoint Special Process Server and Leave to Issue Citations to Discover Assets (Attachments: # [1](#) Exhibit Group A)(Tahmassebi, Amir) (Entered: 01/03/2022) |
| 01/03/2022 | [107](#) | NOTICE by Peter Pui Tak Lee, Zhu Zhai Holdings Limited re MOTION by Plaintiffs Peter Pui Tak Lee, Zhu Zhai Holdings Limitedto Appoint Special Process Server and Leave to Issue Citations to Discover Assets [106](#) (Tahmassebi, Amir) (Entered: 01/03/2022) |
| 01/04/2022 | [108](#) | NOTICE of Motion by Amir R. Tahmassebi for presentment of motion for miscellaneous relief [106](#) before Honorable Sharon Johnson Coleman on 1/11/2022 at 10:15 AM. (Tahmassebi, Amir) (Entered: 01/04/2022) |
| 01/06/2022 | [109](#) | ATTORNEY Appearance for Plaintiffs Peter Pui Tak Lee, Zhu Zhai Holdings Limited by Steven P. Lammers (Lammers, Steven) (Entered: 01/06/2022) |
| 01/10/2022 | [110](#) | MINUTE entry before the Honorable Sharon Johnson Coleman: Presentment of plaintiffs' motion to appoint special process server and for leave to issue citations to discover assets [106](#) set for 1/11/2022 at 10:15 AM will proceed by telephone conference. The call-in number is (877)336-1829 and the access code is 5205245. Members of the public and media will be able to call in to listen to this hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (ym, ) (Entered: 01/10/2022) |
| 01/11/2022 | [111](#) | MINUTE entry before the Honorable Sharon Johnson Coleman: Telephone motion hearing held on 1/11/2022. Defendant did not appear nor contact the Court. Plaintiffs' motion to appoint special process server and for leave to issue citations to discover assets [106](#) is granted. Telephone status hearing is set for 2/1/2022 at 9:30 AM. The call-in number is (877)336-1829 and the access code is 5205245. Members of the public and media will be able to call in to listen to this hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (ym, ) (Entered: 01/11/2022) |
| 01/14/2022 | [118](#) | CITATION to Discover Assets issued as to Steven Invakovich (Notice Issued), JP Morgan Chase Bank (Third Party) (Notice Issued), Wells Fargo & Company, Inc. (Third Party) (Notice Issued), Walker & Dunlop (Third Party) (Notice Issued), Cushman & Wakefield (Third Party) (Notice Issued), Stifel Financial Corporation (Third Party) (Notice Issued). (jg, ) (Entered: 01/18/2022) |
| 01/14/2022 | [119](#) | NOTICE of Citation Hearing for presentment of Citation to Discover Assets. Citation Hearing set for 2/1/2022 at 09:30 AM. (jg, ) (Entered: 01/18/2022) |
| 01/18/2022 | [112](#) | Citation Notice by Peter Pui Tak Lee, Zhu Zhai Holdings Limited *to Cushman & Wakefield* (Tahmassebi, Amir) (Entered: 01/18/2022) |
| 01/18/2022 | [113](#) | Citation Notice by Peter Pui Tak Lee, Zhu Zhai Holdings Limited *to JP Morgan Chase* |

| | | |
|---|---|---|
| | | *Bank* (Tahmassebi, Amir) (Entered: 01/18/2022) |
| 01/18/2022 | [114](#) | Citation Notice by Peter Pui Tak Lee, Zhu Zhai Holdings Limited *to Stifel Financial Corporation* (Tahmassebi, Amir) (Entered: 01/18/2022) |
| 01/18/2022 | [115](#) | Citation Notice by Peter Pui Tak Lee, Zhu Zhai Holdings Limited *to Walker & Dunlop* (Tahmassebi, Amir) (Entered: 01/18/2022) |
| 01/18/2022 | [116](#) | Citation Notice by Peter Pui Tak Lee, Zhu Zhai Holdings Limited *to Wells Fargo & Company, Inc.* (Tahmassebi, Amir) (Entered: 01/18/2022) |
| 01/18/2022 | [117](#) | Citation Notice by Peter Pui Tak Lee, Zhu Zhai Holdings Limited *to Steven Ivankovich* (Tahmassebi, Amir) (Entered: 01/18/2022) |
| 01/24/2022 | [120](#) | AFFIDAVIT of Service filed by Plaintiffs Peter Pui Tak Lee, Zhu Zhai Holdings Limited regarding Third-Party Citation to Discover Assets served on JP Morgan Chase Bank on January 20, 2022 (Tahmassebi, Amir) (Entered: 01/24/2022) |
| 01/24/2022 | [121](#) | AFFIDAVIT of Service filed by Plaintiffs Peter Pui Tak Lee, Zhu Zhai Holdings Limited regarding Third-Party Citation to Discover Assets served on Cushman & Wakefield on January 20, 2022 (Tahmassebi, Amir) (Entered: 01/24/2022) |
| 01/24/2022 | [122](#) | AFFIDAVIT of Service filed by Plaintiffs Peter Pui Tak Lee, Zhu Zhai Holdings Limited regarding Third-Party Citation to Discover Assets served on Stifel Financial Corporation on January 20, 2022 (Tahmassebi, Amir) (Entered: 01/24/2022) |
| 01/24/2022 | [123](#) | AFFIDAVIT of Service filed by Plaintiffs Peter Pui Tak Lee, Zhu Zhai Holdings Limited regarding Third-Party Citation to Discover Assets served on Wells Fargo & Company, Inc. on January 20, 2022 (Tahmassebi, Amir) (Entered: 01/24/2022) |
| 01/24/2022 | [124](#) | AFFIDAVIT of Service filed by Plaintiffs Peter Pui Tak Lee, Zhu Zhai Holdings Limited regarding Third-Party Citation to Discover Assets served on Walker & Dunlop on January 20, 2022 (Tahmassebi, Amir) (Entered: 01/24/2022) |
| 01/24/2022 | [125](#) | NOTICE by Peter Pui Tak Lee, Zhu Zhai Holdings Limited re affidavit of service [122](#) , affidavit of service [121](#) , affidavit of service [120](#) , affidavit of service [123](#) , affidavit of service [124](#) (Tahmassebi, Amir) (Entered: 01/24/2022) |
| 02/01/2022 | [126](#) | MINUTE entry before the Honorable Sharon Johnson Coleman: Telephone status hearing held on 2/1/2022. Counsel for plaintiff reports that he has served the citations and will possibly need to serve additional ones. Counsel also reported that he has tried to serve defendant, but defendant has evaded service. Telephone status hearing is set for 3/16/2022 at 9:30 AM. The call-in number is (877)336-1829 and the access code is 5205245. Members of the public and media will be able to call in to listen to this hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (ym, ) (Entered: 02/01/2022) |
| 02/02/2022 | [127](#) | ANSWER by JP Morgan Chase Bank to Citation to Discover Assets (jg, ) (Entered: 02/04/2022) |
| 02/09/2022 | [130](#) | CITATION to Discover Assets issued as to Walker and Dunlop (Third party-amended) (Notice). (jg, ) (Entered: 02/11/2022) |
| 02/09/2022 | [131](#) | NOTICE of Citation Hearing for presentment of Citation to Discover Assets Citation Hearing set for 3/16/2022 at 09:30 AM. (jg, ) (Entered: 02/11/2022) |

| 02/10/2022 | [132](#) | ANSWER by Alight Solutions to Citation to Discover Assets (Exhibits) (jg, ) (Entered: 02/11/2022) |
| 02/11/2022 | [128](#) | Affidavit of Non-Service of Citation to Discover Assets to Steven Ivankovich by Peter Pui Tak Lee, Zhu Zhai Holdings Limited (Tahmassebi, Amir) (Entered: 02/11/2022) |
| 02/11/2022 | [129](#) | NOTICE by Peter Pui Tak Lee, Zhu Zhai Holdings Limited re other [128](#) (Tahmassebi, Amir) (Entered: 02/11/2022) |
| 02/14/2022 | [133](#) | ANSWER to Citation by Cushman & Wakefield (kl, ) (Entered: 02/15/2022) |
| 02/14/2022 | [134](#) | CITATION to Discover Assets issued as to Steven Ivankovich-Ali. (Notice Filed) (jg, ) (Entered: 02/17/2022) |
| 02/23/2022 | [135](#) | Citation Notice by Peter Pui Tak Lee, Zhu Zhai Holdings Limited *to Steven Ivankovich* (Tahmassebi, Amir) (Entered: 02/23/2022) |
| 02/25/2022 | [136](#) | CITATION to Discover Assets issued as to Cushman & Wakefield (Notice Filed )(Third Party), Stifel Financial Corporation (Notice Filed)(Third Party), Walker & Dunlop (Notice Filed)(Third Party). (kl, ) (Entered: 02/28/2022) |
| 02/25/2022 | [137](#) | NOTICE of Citation Hearing for presentment of Citation to Discover Assets to Cushman & Wakefield set for 3/16/2022 at 09:30 AM. (kl, ) (Entered: 02/28/2022) |
| 02/25/2022 | [138](#) | NOTICE of Citation Hearing for presentment of Citation to Discover Assets to Stifel Financial Corporation set for 3/16/2022 at 09:30 AM. (kl, ) (Entered: 02/28/2022) |
| 02/25/2022 | [139](#) | NOTICE of Citation Hearing for presentment of Citation to Discover Assets to Walker & Dunlop set for 3/16/2022 at 09:30 AM. (kl, ) (Entered: 02/28/2022) |
| 03/02/2022 | [140](#) | Affidavit of Non-Service of Alias Citation to Discover Assets by Peter Pui Tak Lee, Zhu Zhai Holdings Limited *on Steven Ivankovich* (Tahmassebi, Amir) (Entered: 03/02/2022) |
| 03/02/2022 | [141](#) | NOTICE by Peter Pui Tak Lee, Zhu Zhai Holdings Limited re other [140](#) (Tahmassebi, Amir) (Entered: 03/02/2022) |
| 03/02/2022 | [142](#) | Citation Notice to Cushman & Walkefield by Peter Pui Tak Lee, Zhu Zhai Holdings Limited *Amended* (Tahmassebi, Amir) (Entered: 03/02/2022) |
| 03/02/2022 | [143](#) | Citation Notice to Stifel Financial Corporation by Peter Pui Tak Lee, Zhu Zhai Holdings Limited *Amended* (Tahmassebi, Amir) (Entered: 03/02/2022) |
| 03/02/2022 | [144](#) | Citation Notice to Walker & Dunlop by Peter Pui Tak Lee, Zhu Zhai Holdings Limited *Amended* (Tahmassebi, Amir) (Entered: 03/02/2022) |
| 03/08/2022 | [145](#) | AFFIDAVIT of Service filed by Plaintiffs Peter Pui Tak Lee, Zhu Zhai Holdings Limited regarding Amended Third-Party Citation to Discover Assets served on Cushman & Wakefield on March 3, 2022 (Tahmassebi, Amir) (Entered: 03/08/2022) |
| 03/08/2022 | [146](#) | NOTICE by Peter Pui Tak Lee, Zhu Zhai Holdings Limited re affidavit of service [145](#) (Tahmassebi, Amir) (Entered: 03/08/2022) |
| 03/15/2022 | [148](#) | ANSWER by Cushman & Wakefield to Citation Proceedings (jg, ) (Entered: 03/17/2022) |
| 03/16/2022 | [147](#) | MINUTE entry before the Honorable Sharon Johnson Coleman: Telephone status hearing held on 3/16/2022. Counsel for plaintiffs reported to the Court that he has served various third parties and is expecting responses soon. Counsel also tried to serve defendant, with no response. Counsel recently was made aware of another address for defendant and will try to serve him again. Status hearing is set for 4/19/2022 at 10:30 AM. Mailed notice. (ym, ) (Entered: 03/16/2022) |

| 03/22/2022 | 149 | CITATION to Discover Assets issued as to J & S Family LLC (Notice Filed). (jg, ) (Entered: 03/23/2022) |
| 03/22/2022 | 150 | NOTICE of Citation Hearing as to J & S Family LLC for presentment of Citation to Discover Assets. Citation Hearing set for 4/19/2022 at 10:30 AM. (jg, ) (Entered: 03/23/2022) |
| 03/22/2022 | 151 | CITATION to Discover Assets issued as to A & O Family LLC (Notice Filed). (jg, ) (Entered: 03/23/2022) |
| 03/22/2022 | 152 | NOTICE of Citation Hearing as to A & O Family LLC for presentment of Citation to Discover Assets. Citation Hearing set for 4/19/2022 at 10:30 AM. (jg, ) (Entered: 03/23/2022) |
| 03/24/2022 | 153 | ANSWER by Stifel, Nicolaus & Company, Incorporated to Citation to Discover Assets as to Steven Ivankovich (jg, ) (Entered: 03/24/2022) |
| 04/01/2022 | 154 | MOTION by Plaintiffs Peter Pui Tak Lee, Zhu Zhai Holdings Limitedfor Turn Over of Stifel Financial Corp. Funds (Attachments: # 1 Exhibit 1, # 2 Errata 2)(Tahmassebi, Amir) (Entered: 04/01/2022) |
| 04/01/2022 | 155 | NOTICE of Motion by Amir R. Tahmassebi for presentment of motion for miscellaneous relief 154 before Honorable Sharon Johnson Coleman on 4/5/2022 at 09:15 AM. (Tahmassebi, Amir) (Entered: 04/01/2022) |
| 04/04/2022 | 156 | MINUTE entry before the Honorable Sharon Johnson Coleman: Presentment of plaintiffs' motion for turn over of Stifel Financial Corp. funds 154 set for 4/5/2022 at 9:15 AM will proceed by telephone conference. The call-in number is (877)336-1829 and the access code is 5205245. Members of the public and media will be able to call in to listen to this hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (ym, ) (Entered: 04/04/2022) |
| 04/05/2022 | 157 | MINUTE entry before the Honorable Sharon Johnson Coleman: Telephone motion hearing held on 4/5/2022. Brief oral argument held as to plaintiffs' motion for turn over of Stifel Financial Corp. funds 154 . The matter is entered and continued to the in-person status hearing set for 4/19/2022 at 10:30 AM. Defendant to file a response to the motion by 4/12/2022. Mailed notice. (ym, ) (Entered: 04/05/2022) |
| 04/05/2022 | 158 | MOTION by Plaintiffs Peter Pui Tak Lee, Zhu Zhai Holdings Limitedfor Turn Over of Stifel Financial Corp. Funds *Amended* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2) (Tahmassebi, Amir) (Entered: 04/05/2022) |
| 04/05/2022 | 159 | NOTICE by Peter Pui Tak Lee, Zhu Zhai Holdings Limited re MOTION by Plaintiffs Peter Pui Tak Lee, Zhu Zhai Holdings Limitedfor Turn Over of Stifel Financial Corp. Funds *Amended* 158 (Tahmassebi, Amir) (Entered: 04/05/2022) |
| 04/06/2022 | 160 | ANSWER by Stifel Financial Corp. to citation to discover assets (jg, ) (Entered: 04/06/2022) |
| 04/07/2022 | 161 | Affidavit of Non-Service of Third-Party Citation to Discover Assets by Peter Pui Tak Lee, Zhu Zhai Holdings Limited *A & O Family, LLC* (Tahmassebi, Amir) (Entered: 04/07/2022) |
| 04/07/2022 | 162 | NOTICE by Peter Pui Tak Lee, Zhu Zhai Holdings Limited re other 161 (Tahmassebi, Amir) (Entered: 04/07/2022) |

| 04/12/2022 | 163 | MINUTE entry before the Honorable Sharon Johnson Coleman: Because plaintiff has filed an amended motion for turnover of Stifel Financial Corp.'s funds, the Court strikes the original motion for turnover as moot 154 . Mailed notice. (ym, ) (Entered: 04/12/2022) |
| --- | --- | --- |
| 04/12/2022 | 164 | ATTORNEY Appearance for Intervenor Parties Atlas Apartments Acquisition LLC, Atlas Apartment Homes LLC, Atlas Multifamily Three LLC, Atlas MF Mezzanine Borrower LLC, Premier Orlando Portfolio Two LLC, Atlas Alexandria & Parcvue LLC, Atlas Crowntree Lakes LLC, Atlas Apartment Holdings LLC, P2 Portfolio Managing Member LLC, Atlas Birchwood LLC, Ivankovich Family LLC by Michael William Debre, III (Debre, Michael) (Entered: 04/12/2022) |
| 04/12/2022 | 165 | MOTION by Defendant Steven IvankovichMOTION TO DISMISS AND QUASH CITATION; REPLY TO EX-PARTE MOTION OF PLAINTIFFS TO TURN OVER ASSETS, FILED BY NON-PARTY ENTITES (Wandner, Jason) (Entered: 04/12/2022) |
| 04/12/2022 | 166 | MOTION by Intervenor Parties Atlas Alexandria & Parcvue LLC, Atlas Apartment Holdings LLC, Atlas Apartment Homes LLC, Atlas Apartments Acquisition LLC, Atlas Birchwood LLC, Atlas Crowntree Lakes LLC, Atlas MF Mezzanine Borrower LLC, Atlas Multifamily Three LLC, Ivankovich Family LLC, P2 Portfolio Managing Member LLC, Premier Orlando Portfolio Two LLC to quash (Attachments: # 1 Exhibit Ex 1 - Proposed motion for turnover)(Debre, Michael) (Entered: 04/12/2022) |
| 04/12/2022 | 167 | NOTICE of Motion by Michael William Debre, III for presentment of motion to quash, 166 before Honorable Sharon Johnson Coleman on 4/19/2022 at 10:30 AM. (Debre, Michael) (Entered: 04/12/2022) |
| 04/13/2022 | 168 | MINUTE entry before the Honorable Sharon Johnson Coleman: Defendant's motion to dismiss and quash citation 165 is stricken for failure to comply with LR 5.3 and this Court's standing orders, which require all motions to be noticed up for presentment before this Court. Mailed notice. (ym, ) (Entered: 04/13/2022) |
| 04/13/2022 | 169 | ATTORNEY Appearance for Intervenor Parties Atlas Alexandria & Parcvue LLC, Atlas Apartment Holdings LLC, Atlas Apartment Homes LLC, Atlas Apartments Acquisition LLC, Atlas Birchwood LLC, Atlas Crowntree Lakes LLC, Atlas MF Mezzanine Borrower LLC, Atlas Multifamily Three LLC, Ivankovich Family LLC, P2 Portfolio Managing Member LLC, Premier Orlando Portfolio Two LLC by Cecilio Ivan Porras (Porras, Cecilio) (Entered: 04/13/2022) |
| 04/13/2022 | 170 | NOTICE of Citation Hearing to Ivankovich Family LLC by Peter Pui Tak Lee, Zhu Zhai Holdings Limited for presentment of Citation to Discover Assets. Citation Hearing set for 4/19/2022 at 10:30 AM. (Tahmassebi, Amir) (Docket Text Modified by Clerk's Office on 4/14/2022) (jg, ). (Entered: 04/13/2022) |
| 04/13/2022 | 171 | NOTICE of Citation Hearing to P2 Portfolio Managing Member LLC by Peter Pui Tak Lee, Zhu Zhai Holdings Limited for presentment of Citation to Discover Assets. Citation Hearing set for 4/19/2022 at 10:30 AM. (Tahmassebi, Amir) (Docket Text Modified by Clerk's Office on 4/14/2022) (jg, ). (Entered: 04/13/2022) |
| 04/13/2022 | 172 | NOTICE of Citation Hearing to to Steven Ivankovich by Peter Pui Tak Lee, Zhu Zhai Holdings Limited for presentment of Citation to Discover Assets. Citation Hearing set for 4/19/2022 at 10:30 AM. (Tahmassebi, Amir) (Docket Text Modified by Clerk's Office on 4/14/2022) (jg, ). (Entered: 04/13/2022) |
| 04/13/2022 | 173 | REPLY by Defendant Steven Ivankovich to order on motion for miscellaneous relief,, motion hearing,, terminate hearings,, set motion and R&R deadlines/hearings, 157 *REPLY TO EX-PARTE MOTION OF PLAINTIFFS TO TURN OVER ASSETS, FILED BY NON-PARTY ENTITE* (Wandner, Jason) (Entered: 04/13/2022) |

| 04/13/2022 | [174](#) | CITATION to Discover Assets issued as to Ivankovich Family (Third Party) (Notice Filed). (jg, ) (Entered: 04/14/2022) |
| 04/13/2022 | [175](#) | NOTICE of Citation Hearing for presentment of Citation to Discover Assets. Citation Hearing set for 4/19/2022 at 10:30 AM. (jg, ) (Entered: 04/14/2022) |
| 04/13/2022 | [176](#) | CITATION to Discover Assets issued as to P2 Portfolio (Third Party) (Notice Filed). (jg, ) (Entered: 04/14/2022) |
| 04/13/2022 | [177](#) | NOTICE of Citation Hearing for presentment of Citation to Discover Assets. Citation Hearing set for 4/19/2022 at 10:30 AM. (jg, ) (Entered: 04/14/2022) |
| 04/13/2022 | [178](#) | CITATION to Discover Assets issued as to Steven Ivankovich (Notice Filed). (jg, ) (Entered: 04/14/2022) |
| 04/13/2022 | [179](#) | NOTICE of Citation Hearing for presentment of Citation to Discover Assets. Citation Hearing set for 4/19/2022 at 10:30 AM. (jg, ) (Entered: 04/14/2022) |
| 04/14/2022 | [180](#) | ATTORNEY Appearance for Plaintiffs Peter Pui Tak Lee, Zhu Zhai Holdings Limited by Connor James Whitting (Whitting, Connor) (Entered: 04/14/2022) |
| 04/15/2022 | [181](#) | REPLY by Plaintiffs Peter Pui Tak Lee, Zhu Zhai Holdings Limited to motion for miscellaneous relief [158](#) (Attachments: # [1](#) Exhibit 1, # [2](#) Exhibit 2)(Tahmassebi, Amir) (Entered: 04/15/2022) |
| 04/15/2022 | [182](#) | NOTICE by Peter Pui Tak Lee, Zhu Zhai Holdings Limited re reply [181](#) (Tahmassebi, Amir) (Entered: 04/15/2022) |
| 04/19/2022 | [183](#) | MINUTE entry before the Honorable Sharon Johnson Coleman: Motion hearing held on 4/19/2022. Oral arguments held as to plaintiffs' amended motion for turnover of Stifel Financial Corp. funds [158](#) . The Court takes the matter under advisement and will issue a ruling once the court of appeals enters their decision. Intervenors' motion for leave to file combined motion to dismiss and quash citation, and response to plaintiffs' amended motion for turnover [166](#) is denied as moot with the Intervenors' making arguments in support of their 8-page motion/response in today's hearing. If the Court needs any further argument oral or written, the parties will be informed. Mailed notice. (ym, ) (Entered: 04/19/2022) |
| 04/21/2022 | [184](#) | AFFIDAVIT of Service filed by Plaintiffs Peter Pui Tak Lee, Zhu Zhai Holdings Limited regarding Third-Party Citation to Discover Assets served on J & S Family, LLC on March 23, 2022 (Tahmassebi, Amir) (Entered: 04/21/2022) |
| 04/21/2022 | [185](#) | NOTICE by All Plaintiffs re affidavit of service [184](#) (Tahmassebi, Amir) (Entered: 04/21/2022) |
| 05/09/2022 | [186](#) | MINUTE entry before the Honorable Sharon Johnson Coleman: Because the evidence plaintiffs presented in support of their amended motion for turnover of Stifel Financial Corporation Funds does not sufficiently establish that Stifel Financial is holding the assets of judgment debtor Ivankovich, the Court denies plaintiffs' turnover motion [158](#) . See R&J Construction Supply Company, Inc. v. Adamusik, 70 N.E.3d 266, 271, 410 Ill.Dec. 449, 454, 2017 IL App (1st) 160778, 14 (1st Dist. 2017). Mailed notice. (ym, ) (Entered: 05/09/2022) |
| 05/18/2022 | [187](#) | MOTION by Plaintiffs Peter Pui Tak Lee, Zhu Zhai Holdings Limited for rule to show cause (Attachments: # [1](#) Exhibit 1, # [2](#) Exhibit 2, # [3](#) Exhibit 3, # [4](#) Exhibit 4, # [5](#) Exhibit 5, # [6](#) Exhibit 6, # [7](#) Exhibit 7)(Tahmassebi, Amir) (Entered: 05/18/2022) |
| 05/18/2022 | [188](#) | NOTICE of Motion by Amir R. Tahmassebi for presentment of motion for rule to show cause, [187](#) before Honorable Sharon Johnson Coleman on 5/23/2022 at 09:15 AM. |

| | | |
|---|---|---|
| | | (Tahmassebi, Amir) (Entered: 05/18/2022) |
| 05/18/2022 | 189 | MINUTE entry before the Honorable Sharon Johnson Coleman: Presentment of plaintiffs' petition for rule to show cause 187 set for 5/23/2022 at 9:15 AM will proceed by video conference. Members of the public and media will be able to call in to listen to this hearing. The call-in number is 1-872-703-5321, then enter 516 158 971#. Counsel of record will receive an email invitation prior to the start of the video hearing with instructions to join the video conference. Counsel of record is to have a cell phone available in case any technical or connection issues occur during the hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (ym, ) (Entered: 05/18/2022) |
| 05/20/2022 | 190 | REPLY by Defendant Steven Ivankovich to motion for rule to show cause, 187 *REPLY TO MOTION OF PLAINTIFFS DIRECTED TO STEVEN IVANKOVICH AND NON-PARTIES IVANKOVICH FAMILY LLC AND P2 PORTFOLIO MANAGEMENT LLC TO SHOW CAUSE* (Wandner, Jason) (Entered: 05/20/2022) |
| 05/20/2022 | 191 | MOTION by Intervenor Parties Ivankovich Family LLC, P2 Portfolio Managing Member LLC to quash *Citations* (Porras, Cecilio) (Entered: 05/20/2022) |
| 05/20/2022 | 192 | NOTICE of Motion by Cecilio Ivan Porras for presentment of motion to quash 191 before Honorable Sharon Johnson Coleman on 5/23/2022 at 09:15 AM. (Porras, Cecilio) (Entered: 05/20/2022) |
| 05/23/2022 | 193 | MINUTE entry before the Honorable Sharon Johnson Coleman: Video motion hearing held on 5/23/2022. Brief oral arguments held as to Plaintiffs' petition for rule to show cause 187 and intervenors' motion to quash and dismiss 191 . The matters are taken under advisement and the Court will enter a ruling this week. Mailed notice. (ym, ) (Entered: 05/23/2022) |
| 05/31/2022 | 194 | MANDATE of USCA dated 5/31/2022 regarding notice of appeal, 101 ; USCA No. 21-3038 ; No record to be returned. (jmk, ) (Entered: 05/31/2022) |
| 05/31/2022 | 195 | CERTIFIED COPY OF USCA JUDGMENT dated 5/6/2022 regarding notice of appeal, 101 ; USCA No. 21-3038. The judgment of the District Court is AFFIRMED, with costs, in accordance with the decision of this court entered on this date. (jmk, ) (Entered: 05/31/2022) |
| 05/31/2022 | 196 | NONPRECEDENTIAL DISPOSITION from the USCA for the 7th Circuit; Submitted 5/4/2022; Decided 5/6/2022 in USCA case no. 21-3038 (jmk, ) (Entered: 05/31/2022) |
| 05/31/2022 | 197 | ORDER: The Court lifts the freeze over the assets Stifel Financial Corporation is holding in the P2 Portfolio Management Member LLC Investment Account and the Invankovich Family, LLC Investment Account. The Court grants plaintiffs' motion to show cause and directs judgment debtor Steven Ivankovich, P2 Portfolio Management Member LLC, and Ivankovich Family LLC to answer plaintiffs' April 13, 2022 citations to discover assets by no later than June 24, 2022 187 . The Court denies non-parties' P2 Portfolio Management Member LLC, and Ivankovich Family LLC motion to quash and dismiss 191 . Signed by the Honorable Sharon Johnson Coleman on 5/31/2022. Mailed notice. (ym, ) (Entered: 05/31/2022) |

**DEFENDANTS STIFEL & SCHERR'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ZHU ZHAI HOLDINGS LIMITED and PETER PUI TAK LEE, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 20-cv-4985 |
| v. | ) ) | Judge Sharon Johnson Coleman |
| STEVEN IVANKOVICH, | ) ) ) | |
| Defendant. | ) | |

**ORDER**

The Court lifts the freeze over the assets Stifel Financial Corporation is holding in the P2 Portfolio Management Member LLC Investment Account and the Invankovich Family, LLC Investment Account.  The Court grants plaintiffs' motion to show cause and directs judgment debtor Steven Ivankovich, P2 Portfolio Management Member LLC, and Ivankovich Family LLC to answer plaintiffs' April 13, 2022 citations to discover assets by no later than June 24, 2022 [187]. The Court denies non-parties' P2 Portfolio Management Member LLC, and Ivankovich Family LLC motion to quash and dismiss [191].

**BACKGROUND**

On August 17, 2021, the Court denied defendant Steven Ivankovich's motion to vacate the July 1, 2021 entry of default and granted plaintiffs' motion for default judgment in the total amount of $4,503,842.  The Court presumes familiarity with its August 17 ruling, including that after repeatedly failing to meet court deadlines and participate in this lawsuit, the Court entered default against judgment debtor Ivankovich on July 1, 2021.

To date, Ivankovich has not paid plaintiffs the over $4,503,842 judgment he owes them. Instead, he filed a motion to vacate and reconsider the August 17, 2021 entry of default judgment that the Court denied on October 20, 2021.  Thereafter, Ivankovich filed an untimely appeal of the

Court's default judgment and later conceded that he was only appealing the Court's October 20, 2021 ruling. Ivankovich's counsel then waived appellate oral argument. The Seventh Circuit affirmed the Court in a two-page unpublished opinion on May 6, 2022.

In the interim, plaintiffs have filed numerous citations to discover assets. In particular, plaintiffs filed a citation notice to Stifel Financial Corporation ("Stifel") on January 18, 2022 and February 25, 2022. On March 24, 2022, Stifel answered the citation indicating that it had money belonging to judgment debtor Ivankovich. These amounts included an account entitled P2 Portfolio Management Member LLC Investment Account in the amount of $946,552.39 and an account named Invankovich Family, LLC Investment Account in the amount of $8,356,534.29. Stifel then froze a total of $9,303,086.68 representing these two funds. From the record, it appears that Stifel froze these assets of the limited liability companies without giving notice to the non-parties. On April 5, 2022, plaintiffs filed an amended motion for turnover of the Stifel funds for a total judgment amount of $4,775,923.41. The next day, Stifel filed an amended answer to the citation stating that it mistakenly answered Interrogatory 2.a, which asked whether Stifel had accounts or assets of the judgment debtor. Nevertheless, Stifel did not change its answer that it held approximately $9.3 million in judgment debtor Ivankovich's assets.

On April 12, 2022, attorneys filed appearances in this matter for the "intervenor" limited liability companies listed on the Stifel answer to the citation to discover assets, including P2 Portfolio Management Member LLC and Ivankovich Family LLC. Also on April 12, Ivankovich's attorney filed a motion to dismiss and quash the citation, but did not follow Northern District of Illinois Local Rule 5.3 by failing to notice up the motion for presentment. The Court therefore struck the motion. Instead of properly refiling the motion, Ivankovich filed what was labelled a "reply brief" to the plaintiffs' motion to turn over assets.

2

At the April 19, 2022 motion hearing, the Court held oral arguments as to plaintiffs' amended motion to turnover the Stifel assets.  At that time, the Court took the matter under advisement stating it would issue an opinion after the Seventh Circuit's appellate ruling.  On May 9, 2022, after the Seventh Circuit affirmed the Court's default judgment, the Court denied plaintiffs' turnover motion because they did not sufficiently establish that Stifel was holding the assets of Ivankovich due to the discrepancies in the amended answer to the citation, discussed above.  The Court, however, did not lift the freeze Stifel had implemented on P2 Portfolio Management Member LLC's assets and Ivankovich Family LLC's assets.

Instead of directing the Court's attention to the continued freeze of these assets, on May 11, 2022, Ivankovich's lawyer filed a lawsuit in the United States District Court for the Southern District of Florida, on behalf of the limited liability companies listed in the Stifel answer to the citation to discover assets, against the plaintiffs in this lawsuit, Stifel, and several Jane and John Does.  In this complaint, the limited liability plaintiffs allege a conspiracy claim against defendants arguing that they conspired to freeze the plaintiffs' assets, among other claims.  The better way to approach this issue, however, was to ask this Court to unfreeze the assets, instead of filing what appears to be a baseless lawsuit in another federal district court.

## DISCUSSION

Plaintiffs in this lawsuit assert that because the Court did not lift the freeze on the Stifel accounts when it denied plaintiffs' turnover motion on May 9, 2022, the freeze should remain intact until judgment debtor Ivankovich, P2 Portfolio Management Member LLC, and Ivankovich Family LLC answer plaintiffs' April 13, 2022 citations to discover assets.  Because plaintiffs failed to sufficiently establish that Stifel is holding the assets of judgment debtor Ivankovich, the Court directs Stifel to lift the freeze on these assets.

The Court recognizes that judgment debtor Ivankovich repeatedly failed to meet court deadlines and participate in this lawsuit, which lead to the default judgment. Moreover, through his Florida counsel's tactics, it appears Ivankovich is seeking to avoid paying the $4.5 million judgment he owes. That said, until plaintiffs can sufficiently establish that Stifel is holding the assets of judgment debtor Ivankovich, there is no basis for the freeze to remain intact.

Turning to plaintiffs' motion to show cause, as discussed in open court, judgment debtor Ivankovich, P2 Portfolio Management Member LLC, and Ivankovich Family LLC are abundantly aware of the citations to discover assets issued to them on April 13, 2022. These limited liability companies and judgment debtor admit that their counsel contacted plaintiffs to discuss a time frame to answer the citations before they filed the present motion to quash. To that end, the Court gives judgment debtor and these non-parties until June 24, 2022 to answer plaintiffs' April 13 citations to discover assets.

**IT IS SO ORDERED.**

Date: 5/31/2022

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge

**DEFENDANTS STIFEL & SCHERR'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

# <u>EXHIBIT C</u>

**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
## Chicago, Illinois 60604



CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

Submitted May 4, 2022[*]
Decided May 6, 2022

### Before

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 21-3038

ZHU ZHAI HOLDINGS LIMITED
and PETER PUI TAK LEE,
　　　*Plaintiffs-Appellees,*

*v.*

STEVEN IVANKOVICH,
　　　*Defendant-Appellant.*

Appeal from the United
States District Court for the
Northern District of Illinois,
Eastern Division.

No. 20-cv-4985
Sharon Johnson Coleman,
*Judge.*

### Order

　　Plaintiffs extended about $3 million in loans to entities controlled by Steven Ivanko-vich, who guaranteed repayment. When the entities did not pay, plaintiffs filed this suit to collect on the guaranty. Ivankovich ignored the litigation, and the district judge en-tered a default. After Ivankovich secured counsel, the judge vacated the default. But the lawyer withdrew, and Ivankovich missed a deadline for securing new counsel—and

---

[*] Counsel for appellant waived his participation in oral argument. The panel then decided that it is unnecessary to receive oral argument from appellee. See Fed. R. App. P. 34(a); Cir. R. 34(f).

while litigating *pro se* Ivankovich again failed to appear at scheduled hearings. The district judge then entered a second default, followed by a judgment for more than $4.5 million (the original sums plus interest and attorneys' fees). 2021 U.S. Dist. Lexis 154674 (N.D. Ill. Aug. 17, 2020), reconsideration denied, 2021 U.S. Dist. Lexis 216712 (Oct. 20, 2021).

Ivankovich's lead argument on appeal is that the district court lacked subject-matter jurisdiction because Zhu Zhai Holdings is a form of limited liability company that did not disclose its members' identities and citizenships. Yet a Hong Kong business with the style "Limited" or "Ltd." is treated as a corporation for purposes of American law. See *Superl Sequoia Ltd. v. Carlson Co.*, 615 F.3d 831, 832 (7th Cir. 2010). Accord, *Jet Midwest International Co. v. Jet Midwest Group, LLC*, 932 F.3d 1102, 1105 (8th Cir. 2019). Ivankovich's appellate briefs do not cite either of these decisions, and we lack any reason to depart from their holdings.

Ivankovich has a second jurisdictional argument: that the borrowers are necessary parties and would, if joined, spoil complete diversity. Yet he does not explain *why* they are necessary under the terms of the guaranty (which he never quotes) or Hong Kong law (which the parties agreed would govern). Collection from a guarantor without the participation of the original debtors is common in American law, see, e.g., *Indigo Old Corp. v. Guido*, No. 21-1922 (7th Cir. Mar. 28, 2022), and we have not been offered any reason to suppose that Hong Kong law is different.

This leaves only the argument that the district judge abused her discretion in declining to set aside the default. Yet Ivankovich concedes failing to appear at many scheduled hearings, personally or by counsel. That he may have had an excuse for one non-appearance (notice was mailed to his address in Illinois but not his address in Florida) does not explain or excuse the other non-appearances. Nor does he proffer a plausible defense on the merits. He does not contend, for example, either that the borrowers have repaid or are not yet required to repay, or that he has satisfied his obligation under the guaranty. The district judge did not abuse her discretion.

Affirmed

**DEFENDANTS STIFEL & SCHERR'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

# **EXHIBIT D**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

ZHU ZHAI HOLDINGS LIMITED )
AND PETER PUI TAK LEE, )
                         )
          Plaintiffs, )
                         )
v.                         )      Case No. 1:20-CV-04985
                         )
STEVEN IVANKOVICH, )
                         )
          Defendant. )
                         )

## P2 PORTFOLIO MANAGING MEMBER LLC AND IVANKOVICH FAMILY LLC'S MOTION TO QUASH AND DISMISS

NOW COMES P2 Portfolio Managing Member LLC and Ivankovich Family LLC (collectively, the "LLCs"), by and through their attorneys, and for their Motion to Quash the Citations (collectively, the "Citations") issued to P2 Portfolio Managing Member LLC and Invankovich Family LLC (collectively, the "LLCs") and to Dismiss the Plaintiffs' Petition for Rule to Show Cause ("Petition"), states as follows:

### INTRODUCTION

The Plaintiffs have not established that this Court has personal jurisdiction over the Delaware LLCs and further failed to properly serve and notice its Citations (and Petition) on the LLCs. To be clear, the Plaintiffs issued Citations as to the two Delaware LLCs that have no contacts with Illinois and without domesticating the Judgment in Delaware. The Plaintiffs then *emailed* the Citations (and Petition) to attorneys Michael Debre and Cy Porras, who previously appeared only in a limited fashion to request leave for the LLCs to file a Motion to Dismiss and Quash. *See* Docket No. 166. The Citations were emailed only three (3) business days before the return on April 19, 2022. Such email service attempt is not effective. *See* Ill. Sup. Ct. R.

277(c)(4); Ill. Supr. Ct. R. 105(b) (requiring personal service or certified mailing); *Midwest Com. Funding, LLC v. Kelly*, 2022 IL App (1st) 210644, ¶ 21 (holding that email service is not proper for citations). Further, Illinois law places strict notice requirements on the judgment creditor to provide both the respondent and judgment debtor time to address citations, which the Plaintiffs failed to abide. *See* 735 ILCS 5/2-1402(b) ("In no event shall a citation hearing be held sooner than five business days after the mailing of the citation and citation notice to the judgment debtor."). As no help to the Citations' deficiencies, the Plaintiffs did not address the Citations at the April 19, 2022 hearing, or ask for a continuance thereof, and did not attempt to correspond with the LLCs or the undersigned counsel (Michael Debre and Cy Porras), until approximately one week ago.

Considering the lack of personal jurisdiction over the LLCs and Plaintiffs' failure to properly serve them, Mr. Debre requested as recently as days ago (during first contact with the Plaintiffs' counsel since the April hearing) that the LLCs be given time to address this matter. Despite this request, the Plaintiffs filed their Petition for Rule to Show Cause. Further, the Plaintiffs continue to press their wrongful garnishment of the LLCs' funds held with Stifel (the "LLC's Stifel Funds") in violation of 735 ILCS 5/12-817, made applicable to these proceedings by 735 ILCS 5/2-1402(g) and Fed. R. Civ. P. 69. *See* 735 ILCS 5/12-817; *Schak v. Blom*, 334 Ill. App. 3d 129, 135, 777 N.E.2d 635, 641 (2002) (regarding wrongful garnishment action).

In their Petition, the Plaintiffs also comment on the LLCs' lawsuit in Florida and claim that it is an "attempt to circumvent the citations." *See* Petition, ¶ 13. As discussed, the Plaintiffs have failed to establish that this Court has jurisdiction over the LLCs. Importantly, the Court has already held that the LLCs' Stifel Funds do not belong to the judgment debtor such that they are not subject to a turnover order. *See* Doc. No. 186. Further, the LLCs address the Citations

through this Motion and have already attempted to address the Plaintiff's Motion for Turnover as to the LLC's Stifel Funds, but the Court denied the LLC's Motion as moot in light of the oral argument held on April 19, 2022. Tellingly, the Plaintiffs' reveal that they are moving forward with the Citations only to pursue the LLCs' Stifel Funds, which the Court has already held as assets of a third party such that they are not subject to turnover. Their filings, including the Petition, all but admit to pursuing a wrongful garnishment of the LLCs' funds, based in part on a wrongful disclosure by Stifel. As such, the Plaintiffs can hardly act offended at the LLCs' decision to pursue its rights and causes of actions independent of these proceedings.

As a result of the aforementioned, the LLCs file this Motion to Quash and Dismiss for the sole purpose of moving to quash and dismiss the Citations issued to the LLCs and dismiss the Petition for Rule to Show Cause for lack of personal jurisdiction, ineffective service, improper notice, and to also bring the Court's attention to the Plaintiffs' continued, improper actions and pursuit of wrongful garnishment in this proceeding as to the LLCs' Stifel Funds.

## **BACKGROUND**

1.     On July 10, 2020, Plaintiffs Zhu Zhai Holdings Limited and Peter Pui Tak Lee (collectively, the "Plaintiffs") filed their Complaint against sole Defendant Steven Ivankovich ("Ivankovich" or the "Judgment Debtor"). *See* Docket No. 1.

2.     On August 17, 2021, this Court entered a Default Judgment in favor of the Plaintiff and against Ivankovich, only. *See* Docket No. 91.

3.     On January 11, 2022, this Court granted the Plaintiffs' Motion for Leave to Issue Citations to Discover Assets of Ivankovich. *See* Docket No. 111.

4.     On January 14, 2022, Plaintiffs issued Citations to Discover Assets (collectively the "First Citations") to: 1) Steven Ivankovich; 2) JP Morgan Chase Bank; 3) Wells Fargo &

Company, Inc.; 4) Walker & Dunlop; 5) Cushman & Wakefield; and, 6) Stifel Financial Corporation ("Stifel"). *See* Docket No. 118.

5.      On January 22, 2022, Plaintiffs issued additional Citations to Discover Assets to J & S Family LLC and A & O Family LLC. *See* Docket Nos. 149 and 151.

6.      On April 5, 2022, the Plaintiffs filed their Amended Motion for Turnover (the "Amended Turnover Motion against Stifel"), amending their previously filed Turnover Motion (which was subsequently stricken as moot). *See* Docket Nos. 158 and 163.

7.      On April 12, 2022, the LLCs filed their Motion for Leave to File Motion to Dismiss and Quash Citation (issued to Stifel), (the "Motion for Leave to Dismiss and Quash"). *See* Docket No. 166. Citations had not yet been issued to the LLCs.

8.      On April 13, 2022, Plaintiffs filed citation notices as to citations (the "Citations") issued to Ivankovich Family LLC and P2 Portfolio Managing Member LLC, two Delaware LLCs, (collectively, the LLCs) for service on Michael W. Debre, setting the Citations for hearing on April 19, 2022, three (3) business days later. *See* Docket Nos. 170 and 171.

9.      Also on April 13, 2022, Plaintiffs emailed the Citations to attorneys Michael Debre and Cy Porras.

10.     The Plaintiffs did not serve the Citations on the LLCs.

11.     On April 19, 2022, the Court heard the Amended Turnover Motion against Stifel and the LLC's Motion for Leave to File Motion to Dismiss and Quash Citation. *See* Docket No. 183. The Plaintiffs did not address the Citations at the April 19, 2022 hearing and indeed did not request that they be continued or heard.

12.     Also at the April 19, 2022 hearing, this Court denied the LLCs' Motion for Leave to Dismiss and Quash as moot. *See* Docket No. 183.

13.     On May 9, 2022, the Court issued its ruling on the Amended Turnover Motion against Stifel, denying it because the Plaintiffs' evidence did not establish that Stifel is holding the assets of the judgment debtor, Ivankovich. *See* Docket No. 185.

14.     Just over a week later, on May 18, 2022, the Plaintiffs filed their Petition for Rule to Show Cause against Ivankovich and the LLCs (the "Petition"). *See* Docket No. 187.

15.     The Plaintiffs again emailed the Petition to attorneys Michael Debre and Cy Porras, rather than serve the Petition on the LLCs.

## STATUTORY PREDICATES

### A.  Citations generally, including service thereof.

The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located. Fed. R. Civ. P. 69. As such, Illinois law applies to the supplementary proceedings before this Court. Pursuant to Illinois law, for a citation to issue, it must be issued by the court clerk. 735 ILCS 5/2-1402(a). Once issued, supplementary proceedings commence by service of the citation on the party against whom it is brought. Ill. Sup. Ct. R. 277(b). A citation must be served and returned in the manner provided by Ill. Sup. Ct. R. 105. *Id.* at (c).  Pursuant to Ill. Sup. Ct. R. 105, service may be made by any method provided by law for service of summons (*e.g.*, personal service) or by prepared certified or registered mailing, return receipt requested. Ill. Sup. Ct. R. 105(b). In no event shall a citation hearing be held sooner than five business days after the mailing of the citation and citation notice to the judgment debtor. 735 ILCS 5/2-1402(b); *see also* Ill. Sup. Ct. R. 277(c)(3).

All citations issued by the clerk shall have the following language, or language substantially similar thereto, **stated prominently on the front**, in capital letters: "IF YOU FAIL

TO APPEAR IN COURT AS DIRECTED IN THIS NOTICE, YOU MAY BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE COUNTY JAIL." 735 ILCS 5/2-1402(a).

### B. Citations against third parties.

A supplementary proceeding may proceed against any third party the creditor believes has property of or is indebted to the judgment debtor. *See* Ill. Sup. Ct. R. 277(a). A supplementary proceeding against a third party must be commenced in a county of this State in which the party against whom it is brought resides. Ill. Sup. Ct. R. 277(d). If the Court determines that a third party does not possess any non-exempt income or assets, then the citation shall be dismissed. 735 ILCS 5/2-1402(d-5). The court at any time may terminate, or otherwise control and direct the proceedings to the end that the rights and interests of all parties and person involved may be protected and harassment avoided. Ill. Sup. Ct. R. 277(e).

### C. Adverse claims in supplementary proceedings and wrongful garnishment.

If it appears that any property or any interest therein is claimed by any person, the court shall, as in garnishment proceedings, permit or require the claimant to appear and maintain his or her right. 735 ILCS 5/2-1402(g). The rights of the person cited and the rights of any adverse claimant shall be asserted and determined pursuant to the law relating to garnishment proceedings. *Id.* In the event any indebtedness or other property due from or in the possession of a garnishee is claimed by any other person, the court shall permit the claimant to appear and maintain his or her claim. 735 ILCS 5/12-710(a). If any person wrongfully causes a summons to issue for a deduction order, he or she shall be liable for all damages occasioned by such action including reasonable attorney's fees. 735 ILCS 5/12-817.

## ARGUMENT

### A. Personal Jurisdiction.

The Plaintiffs have not established that the Court has personal jurisdiction over the Delaware LLCs. The burden of establishing personal jurisdiction is always on the party asserting it. *In re CMGT, Inc.*, 402 B.R. 262, 272 (Bankr. N.D. Ill. 2009), vacated, 424 B.R. 355 (N.D. Ill. 2010) (*citing Nelson by Carson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir.1983)). A trial court must have personal jurisdiction over a nonparty in a supplemental proceeding. *CE Design Ltd. v. Homegrown Advert., Inc.*, No. 2-10-0399, 2011 WL 10303450, at *3 (Ill. App. Ct. May 17, 2011) (citing *Poplar Grove State Bank v. Powers*, 218 Ill.App.3d 509, 520, 161 Ill.Dec. 230, 578 N.E.2d 588 (1991) (dismissing a supplementary proceeding against a nonparty to the original action for lack of personal jurisdiction)). The United States Supreme Court has given clear guidelines to determine whether *in personam* jurisdiction exists over a nonresident in a forum State. *Salvator v. Admiral Merch.'s Motor Freight*, 175 Ill. App. 3d 901, 905, 530 N.E.2d 639, 642 (1988) (*citing International Shoe Co. v. Washington* (1945), 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95). This requirement is that certain minimum contacts must exist between the defendant and the foreign State, which are determined by looking to the relationship among the defendant, the forum, and the litigation involved. *Id.* Rule 277 delineates when subject-matter jurisdiction exists (in state court), but is not conclusive concerning *in personam* jurisdiction. *But see*, Ill. Sup. Ct. R. 277 ("A supplementary proceeding against a third party must be commenced in a county of this State in which the party against whom it is brought resides."). A judgment, order, or decree entered by a court which lacks jurisdiction of the parties is void and may be attacked at any time. *Salvator v. Admiral Merch.'s Motor Freight*, 175 Ill. App. 3d 901, 907, 530

- 7 -

N.E.2d 639, 644 (1988). When personal jurisdiction is not conferred over a third party in citation

proceedings, any motions to enforce the citation, are for all practical purposes, free standing civil

complaints asserting a cause of action under section 2-1402(f)(1). *Shipley v. Hoke*, 2014 IL App

(4th) 130810, ¶ 94, 22 N.E.3d 469, 483.

The Plaintiffs have failed to meet their burden demonstrating that the Court has personal

jurisdiction over the LLCs. Indeed, the Court does not have jurisdiction over the LLCs as the

LLCs do not have sufficient minimum contacts with Illinois. As such the Court should quash and

dismiss the Citations. Additionally, because the Court lacks jurisdiction over the LLCs and

because the Citations should be dismissed, Plaintiffs' Petition for Rule to Show Cause must be

dismissed for lack of personal jurisdiction and as moot. The remedy for Plaintiffs is clear, should

they so choose to proceed – they may domesticate/register their judgment and proceed in the

correct forum, which is not Illinois. The LLCs request that this Court dismiss the Citations and

Petition.

**B. Plaintiffs did not properly serve the LLCs.**

The Plaintiffs did not properly effectuate service of the Citations on the Delaware LLCs.

The Illinois statute regarding citations is clear: A citation must be served and returned in the

manner provided by Ill. Sup. Ct. R. 105. *See* 735 ILCS 5/2-1402(c). Pursuant to Ill. Sup. Ct. R.

105, service may be made by any method provided by law for service of summons (*e.g.*, personal

service) or by certified or registered mailing, return receipt requested. Ill. Sup. Ct. R. 105(b).

Further, the pertinent statute is clear in its notice requirements. In no event shall a citation

hearing be held sooner than five business days after the mailing of the citation and citation notice

to the judgment debtor. 735 ILCS 5/2-1402(b); *see also* Ill. Sup. Ct. R. 277(c)(3). Certain

language must be included on the face of the citation regarding the risks accompanied with

- 8 -

noncompliance. 735 ILCS 5/2-1402(a). The initiation of supplementary proceedings against a third party must be accompanied by service of process and the special notices set forth in section 2–1402(b) of the Code. *Shipley v. Hoke*, 2014 IL App (4th) 130810, ¶ 93, 22 N.E.3d 469, 483.

The bases for these rules are well reasoned: because the issuance of a citation imposes very real restrictions and affirmative duties upon a third party—backed by the threat of contempt and monetary liability—the service and notice requirements set forth in section 2–1402 of the Code and Rule 277(c) mirror the requirements of due process. *Shipley* 22 N.E.3d at 483. Similarly, pursuant to *Shipley*, if a court does not have jurisdiction over a non-party subject to supplementary proceedings, any motions to enforce the citation, are for all practical purposes, free standing civil complaints and must be served as such. *See Shipley,* 22 N.E.3d at 483. Sending such a motion or petition through mail or email is not proper service of process; let alone mail or email not to the third party itself. *Id.*; *Midwest Com. Funding, LLC v. Kelly*, 2022 IL App (1st) 210644, ¶ 21; *see also*, *Textile Banking Co. v. Rentschler*, 657 F.2d 844, 851 (7th Cir. 1981) (Federal procedural rule governing service of deposition subpoenas was inapplicable to service of citation summons.).

Considering Illinois law precisely on the issue, Plaintiffs' email service attempt on Mr. Debre and Mr. Porras (the "Attorneys") is wholly ineffective. The rules specifically require that service of the Citations be made pursuant to Rule 105 *on the third parties*, either through personal service or certified mailing. The Attorneys do not represent the LLCs outside of their limited appearance for the LLCs' Motions for Leave to Dismiss and Quash and cannot accept service on their behalf. As a result of the ineffective service, there are no pending supplementary proceedings against the LLCs. *See* Ill. Sup. Ct. R. 277(b). Additionally, the Plaintiffs' email service attempt made three (3) business days before the Citations' return and issuance of

- 9 -

Citations without the prerequisite first-page language make the Citations' facially defective, and a result, unenforceable. *See R&J Constr. Supply Co., Inc. v. Adamusik*, 2017 IL App (1st) 160778, ¶ 17, 70 N.E.3d 266, 272 (court holding that citation defective on its face cannot be enforced). The proscribed rules are not mere guidelines and must be followed.

**C. The Citations must be quashed and dismissed as the Plaintiffs are using them as a means for wrongful garnishment.**

To the extent the Court finds that it does have personal jurisdiction over the Delaware LLCs and that service and notice were proper, the LLCs, through counsel, complied therewith and appeared at the April 19, 2022 return date.[1] It is disingenuous for the Plaintiffs to now claim that the LLCs have not complied with the Citations when the LLCs appeared at the April 19, 2022 hearing and Plaintiffs did nothing until approximately one week ago. To the extent that the Citations remain in effect as to the LLCs, it is apparent that the Plaintiffs' sole basis and reason for issuing the Citations to the LLCs was to attach its judgment to the LLCs' Stifel Funds (now determined by the Court to not belong to the Judgment Debtor and thus not subject to garnishment or attachment) and to otherwise harass the LLCs because of their frustration with the Judgment Debtor. This is apparent given: the Petition's admissions (*e.g,* that the LLC's Stifel Funds "should remain [frozen] so that the Plaintiffs can keep the status quo"); timing of the Citations filed only after Stifel's (erroneous) answer, well after their initial batch of citations; and, filing of the Citations nearly concurrently with their Amended Motion for Turnover of the LLC's Stifel Funds. Indeed, the Plaintiffs' Reply in Support of its Amended Motion for Turnover made their position clear: "Judgment Creditors seek a turnover [of the LLC's Stifel Funds] from this Court in the amount of $4,775,923.41, which will fully satisfy the judgment." *See* Doc. No. 181, ¶ 4 (emphasis supplied).

---

[1] The LLCs do not consent to the jurisdiction of this Court and appeared at the April 18, 2022 hearing only for the limited purpose of contesting the turnover of its funds with Stifel, but make this argument in the alternative.

- 10 -

At the least, it is unclear if the Plaintiffs believe that the LLCs have assets or income due to the Judgment Debtor (other than the LLC's Stifel Funds, which do not belong to the Judgment Debtor). Such belief is required for citations to third parties. Ill. Sup. Ct. R. 277(a). As such, the Court must determine if the Plaintiffs have a reasonable belief that the LLCs have property of or is indebted to the judgment debtor (other than the LLC's Stifel Funds) as required under Ill. Sup. Ct. R. 277(a). *See Schak v. Blom*, 334 Ill. App. 3d 129, 133 (2002). If the Plaintiffs' only purpose for the Citations to the LLCs is to seek attachment to the LLC's Stifel Funds or "maintain the status quo," then the Court must quash and dismiss the Citations in light of its Order holding that the Stifel Funds do not belong to the judgment debtor.

Relatedly, the rules do not leave defenseless the third party who is subjected to overzealous or overreaching judgment creditors. *See* 735 ILCS 5/12-817 (regarding wrongful garnishment), made applicable to citation proceedings pursuant to 735 ILCS 5/2-1402(g). Indeed, as seen here, the Plaintiffs' proceeded on a turnover order of funds belonging solely to third parties (*i.e.*, the LLCs) even when they *knew* that those funds did not belong to the Judgment Debtor. *See* Doc. Nos. 158 (Plaintiff's Amended Motion for Turnover), 160 (Stifel's Amended Answer), 181 (Plaintiff's Reply in Support of Motion for Turnover), and 183 (Minute Entry as to oral argument on Amended Motion for Turnover). Plaintiffs continue to pursue the LLCs' Stifel Funds despite this Court's Order. *See* Petition. As such, there is little doubt that the purpose of Plaintiff's Motion for Turnover and Citations to the LLCs was to strong arm the LLCs and Stifel to force turnover of funds not belonging to the Judgment Debtor to satisfy the debt owed to the Plaintiffs (*i.e.*, wrongful garnishment). To be clear, it appears that the Plaintiffs issued the Citations to the LLCs solely for the purpose of attaching its judgment the LLC's Stifel

- 11 -

Funds, which amounts to a wrongful garnishment attempt, which entitles the LLCs to their reasonable attorney's fees in fending off the wrongful garnishment. *See* 735 ILCS 5/12-817.

WHEREFORE, P2 Portfolio Managing Member LLC and Ivankovich Family LLC respectfully pray that this Honorable Court enter an order granting its Motion, dismissing the Citations issued against the LLCs with prejudice and dismissing the Petition for Rule to Show Cause with prejudice, and granting the LLCs' their attorneys' fees incurred in defending against the Plaintiffs' wrongful garnishment attempt upon petition of the LLCs, and granting such further relief as the Court deems just.

Respectfully submitted,

P2 Portfolio Managing Member LLC and Ivankovich Family LLC

/s/ C. Cy Porras
By: One of Its Attorneys

Michael Debre (IL Bar No. 6296197)
C. Cy Porras (IL Bar No. 6324512)
CHUHAK & TECSON, P.C.
120 S. Riverside Plaza, Suite 1700
Chicago, IL 60606
(312) 844-4313
mdebre@chuhak.com
cporras@chuhak.com

- 12 -