UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 22-21469-CIV-MORENO

ATLAS APARTMENTS ACQUISITIONS,
LLC *et al.*,

        Plaintiffs,

vs.

STIFEL NICOLAUS & CO. INC., WILLIAM
SCHERR, JOHN DOE, JANE DOE, ZHU
ZHAI HOLDINGS, LTD., PETER PUI TAK
LEE, and JANE DOE 2,

        Defendants.
_____/

## ORDER GRANTING MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF ILLINOIS

This case stems from the Defendants' actions in a post-judgment collection proceeding in the Northern District of Illinois. Plaintiffs complain that Defendant Stifel Nicolaus & Co. Inc. and its employee William Scherr unlawfully disclosed information regarding Plaintiffs' accounts in responding to a Citation to Discover Assets filed in the Northern District of Illinois. Plaintiffs also complain that Stifel Nicolaus unlawfully froze Plaintiffs' investment accounts without notice. The Northern District of Illinois District Judge Sharon Johnson Coleman commented in a written order that rather than file this case in Florida, the Plaintiffs could have sought relief from the Illinois citations procedure in her court. The Court finds the first-filed rule and the 28 U.S.C. § 1404 factors favor transfer of this case to the Northern District of Illinois.

THIS CAUSE came before the Court upon Defendants' Motion to Transfer Venue (**D.E. 11**). THE COURT has considered the motion, the response, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED. The Clerk of Court is directed to transfer the case to the Northern District of Illinois. It is also

**ADJUDGED** that all other pending motions are DENIED as moot with leave to refile if appropriate.

### I. Background

Defendants, Stifel Nicolaus & Co. Inc. and its employee William Scherr, an Illinois resident, are moving to transfer venue of this case to the Northern District of Illinois, where there is a related action involving the same parties. *See Zhu Zhai Holdings, Ltd. & Peter Pui Tak Lee v. Ivankovich*, No. 20-4985-CIV (N.D. Ill.). Plaintiffs are eleven limited liability companies registered in Florida.[1] Their eight-count complaint alleges violations of state and federal law related to their investment accounts at Defendant Stifel Nicolaus, a financial institution. Stifel Nicolaus is a Delaware corporation, with headquarters in St. Louis, Missouri and offices in the Northern District of Illinois. It is registered to do business in Florida. Defendants Zhu Zhai Holdings, Ltd. and Peter Pui Tak Lee are based in Hong Kong. They are the plaintiffs in the Illinois action seeking to recover on a $ 4.5 million default judgment against Steven Ivankovich, who allegedly controls the LLC Plaintiffs in this case. The Hong Kong Defendants (the Illinois plaintiffs) support transfer to the Northern District of Illinois. The LLC Plaintiffs in this case are also suing John and Jane Doe's, who are the attorneys in the Illinois action.

*A. The Illinois Action*

In the Illinois case, Zhu Zhai Holdings and Lee commenced post-judgment collection proceedings by serving citations under Illinois law to discover Ivankovich's assets. Zhu Zhai Holdings and Lee served Stifel Nicolaus & Co. with the the citation to determine if Ivankovich

---

[1] The eleven LLC Plaintiffs are Atlas Apartments Acquisitions, LLC, Atlas Apartment Homes, LLC, Atlas Multifamily Three LLC, Atlas MF Mezzanine Borrower, LLC, Premier Orlando Portfolio Two LLC, Atlas Alexandria & Parcvue LLC, Atlas Crowntree Lakes LLC, Apartment Holdings, LLC, P2 Portfolio Managing Member LLC, Atlas Birchwood, LLC, and Ivankovich Family LLC.

had assets in the company's accounts. As part of the Illinois post-judgment collection action, Scherr signed Stifel's response to the citation order, which listed accounts titled in the names of the LLC Plaintiffs in this case. Plaintiffs are suing Stifel and Scherr here in Florida because Stifel disclosed account-related information in response to the citation filed in the Illinois proceeding. The complaint reads: "Stifel filed an answer to the erroneous citation that made a public disclosure of each bank account of each [Plaintiff] Atlas entity and the amount of money and financial investments by account number in each Atlas entity bank account." Plaintiffs complain Stifel compounded the error by then freezing each of Plaintiffs' investment accounts.

The accountholders, the Florida Plaintiffs, filed motions to intervene in the post-judgment collection proceedings in Illinois and also filed this case. On May 9, 2022, Judge Sharon Johnson Coleman of the Northern District of Illinois denied a motion by Zhu Zhai Holdings, Ltd. and Lee to turn over the funds in the Atlas LLC accounts disclosed by Stifel. She found the evidence insufficient to find that Stifel Nicolaus is holding the assets of the judgment debtor Ivankovich.

The parties to the Illinois action continue to dispute whether Ivankovich's assets are in the Plaintiffs' accounts held by Stifel Nicolaus. Initially, as noted, Stifel froze the assets in the accounts, but on May 31, 2022, Judge Johnson Coleman, entered an order lifting the freeze over the assets Stifel is holding in the P2 Portfolio Management Member LLC Investment Account and the Ivankovich Family, LLC Investment Account (both are Plaintiffs in this Florida case). In that order, Judge Johnson Coleman referenced this case, stating:

> Instead of directing the Court's attention to the continued freeze of these assets, on May 11, 2022, Ivankovich's lawyer filed a lawsuit in the United States District Court for the Southern District of Florida, on behalf of the limited liability companies listed in the Stifel answer to the citation to discover assets, against the plaintiffs in this lawsuit. Stifel, and several Jane and John Does. In [their Florida] complaint, the limited liability plaintiffs allege a conspiracy claim against defendants arguing that they conspired to

3

> freeze the plaintiffs' assets, among other claims. The better way to approach this issue, however, was to ask this Court to unfreeze the assets, instead of filing what appears to be a baselss lawsuit in another federal district. . . Moreover,, through his Florida counsel's tactic, it appears Ivankovich is seeking to avoid paying the $4.5 million judgment he owes. That said, until plaintiffs can sufficiently establish that Stifel is holding the assets of judgment debtor Ivankovich, there is no basis for the freeze to remain intact.

Judge Johnson Coleman's May 31, 2022 Order also granted the judgment creditors' motion for order to show cause. It directed Ivankovich and two non-party LLC's, P2 Portfolio Managing Member LLC, and the Ivankovich Family, LLC to answer the judgment creditors' April 13, 2022 citations by June 24, 2022. The Illinois Court also denied a motion to quash the citations.

  B.  *The Florida Action*

Plaintiffs voluntarily dismissed Counts I and II of the Complaint seeking declaratory and injunctive relief against Stifel Nicolaus. Count III seeks damages under the federal Gramm-Leach-Bliley Act against Stifel Nicolaus and William Scherr based on their disclosure of information about the accounts. Count IV is a claim under the Fair Debt Collection Practices Act against the Hong Kong Defendants and their lawyer Jane Doe 2. This claim stems from the Hong Kong Defendants' collection methods to obtain payment on the Illinois default judgment. It asserts that "[d]efendants misrepresented to Stifel the character, amount, or legal status of the debt owed by Ivankovich, by representing that the debt was somehow owed by and could be satisfied by using Plaintiffs' bank accounts to pay the judgment." Count V is a claim under the Florida Constitution and Florida Statute § 655.059 for violation of a fiduciary duty by Stifel Nicolaus, Scherr, and their lawyers, John and Jane Doe. Count VI alleges the Defendants engaged in civil conspiracy by exchanging information regarding Plaintiffs' accounts. Counts

VII and VIII are for abuse of process and intentional interference with a business relationship against the Hong Kong Defendants and their lawyers, Jane Doe and Jane Doe 2.

## II. Legal Standard and Analysis

Defendants, Stifel Nicolaus & Co. and its employee William Scherr, are moving to transfer this case to the Northern District of Illinois under the first-filed rule and 28 U.S.C. § 1404. Defendants Zhu Zhai Holdings, Ltd. and Peter Pui Tak Lee filed a statement in support of the motion to transfer without waiving the right to contest personal jurisdiction in this Flroida proceeding.

*A. First-Filed Rule*

"Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *See Manuel v. Covergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). "All that need be present is that the two actions involve closely related questions or common subject matter. . . . The cases need not be identical to be duplicative." *Strother v. Hylas Yachts, Inc.*, No. 12-80283, 2012 WL 4531357, at 2 (S.D. Fla. Oct. 1, 2012). "[O]nce the court determines that the two suits likely involve substantial overlap, it is no longer up to the second-filed court to resolve the question of whether both should be allowed to proceed." *In re Checking Account Overdraft Litigation*, 859 F. Supp. 2d 1313, 1325 (S.D. Fla. 2012). "Moreover. . . the party objecting to jurisdiction in the first-filed forum carr[ies] the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." *Manuel*, 430 F.3d at 1135 (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982)). Here, the Plaintiffs have not objected to the application of the first-filed rule, directing their response to the motion on why transfer is inappropriate under 28 U.S.C. § 1404.

In this case, there is no question that the Illinois action was filed first, as it was filed on August 24, 2020, and this case was filed on May 11, 2022. The default judgment entered on August 17, 2021, triggered post-judgment collection proceedings in Illinois. The judgment creditor filed citations to discover Ivankovich's assets in the Northern District of Illinois proceeding and the Defendants' responses to the citations are at issue in this case. Because the Florida action relates to the right to freeze or turn over assets in Stifel accounts to satisfy the Illinois judgment, the actions overlap. Finally, all parties, except for the Doe defendants, are parties, intervenors, or participants in the Illinois case.

This complaint overlaps with the ongoing collection proceedings in the Northern District of Illinois, where the court will determine whether the funds in the Stifel accounts contain Ivankovich's property. Litigating here about the propriety of Stifel's answers to the citations is improper. The right court to decide these issues is the Northern District of Illinois, who has the parties before it and can assess the parties' responses to the citations filed in the post-collection proceedings it is adjudicating. Having found the first-to-file rule applies, "the proper course of action [is] for the court to transfer the case to the [first-filed] court. . .." *In re: Checking Account Overdraft Litig.*, 859 F. Supp. 2d at 1325.

B. *Transfer under 28 U.S.C § 1404*

Even if the first-filed rule did not require transfer, the 28 U.S.C. § 1404 factors favor transfer of the case to the Northern District of Illinois. Courts have broad discretion to transfer cases under 28 U.S.C. § 1404(a). *Hight v. U.S. Dep't of Homeland Security*, 391 F. Supp. 3d 1178, 1182-83 (S.D. Fla. 2019). To determine whether a case should be transferred pursuant to § 1404, courts apply a two-prong test. *Id.*, 391 F. Supp. 3d at 1183. First, courts look to whether the case could have been brought in the alternative venue, where the court has subject matter jurisdiction, venue is proper, and the defendant is amenable to service. *Id.* Second, courts

evaluate whether "convenience and the interests of justice require transfer." *Id.* Under this second prong, courts weigh factors such as the convenience of the witnesses and parties, the location of relevant documents and ease of access to sources of proof, the locus of operative facts, the availability of process to compel the attendance of unwilling witnesses, the relative means of the parties, a forum's familiarity with the governing law, the weight accorded a plaintiff's choice of forum and trial efficiency. *Id.* (citing *Manuel*, 430 F.3d at 1135 n. 1).

### 1. *Jurisdiction and Venue in the Northern District of Illinois*

The first question is whether Plaintiffs could have filed this case in the Northern District of Illinois. Jurisdiction in this case stems from diversity and federal laws including the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. The complaint also contains state law claims for which a federal court can exercise supplemental jurisdiction. 28 U.S.C. § 1367. Both this court and the Northern District of Illinois have jurisdiction.

The second question is whether venue is proper in the Northern District of Illinois. 28 U.S.C. § 1391 provides that venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or in any judicial district in which any defendant is subject to the court's personal jurisdiction. A defendant that is not a U.S. resident may be sued in any judicial district.

Here, the events giving rise to the complaint stem from the post-judgment collection proceedings in the Northern District of Illinois. Defendants Stifel Nicolaus and Scherr's responses to the Illinois citations are at issue in this case. The Northern District of Illinois has personal jurisdiction over the moving Defendant William Scherr, who resides in that district. Moreover, the Hong Kong Defendants, filed a notice in support of the motion to transfer indicating that the Illinois Court could exercise personal jurisdiction over them, given they have

consented to personal jurisdiction in the related action. Accordingly, venue is proper in the Northern District of Illinois because the post-collection proceedings giving rise to the claims took place in Illinois and the Defendants are amenable to personal jurisdiction in Illinois. The Hong Kong Defendants may not be subject to personal jurisdiction here. Having found that the Northern District of Illinois is a proper forum with jurisdiction, the Court turns to the convenience factors.

### 2. Convenience Factors

The only connection to the Southern District of Florida is the Plaintiffs' residence. Any deference to the Plaintiffs' choice of forum is less where, as here, the actions at issue took place in Illinois and the Illinois court is adjudicating whether the Stifel Nicolaus accounts contain the assets of the judgment debtor Ivankovich. *See Hight*, 391 F. Supp. 3d at 1184-85; *see also Greiser v. Drinkard*, No. 18-61126-CIV, 2018 WL 7287083 at *5 (S.D. Fla. Nov. 16, 2018). Because the "locus of operative facts" is in Illinois, the weight accorded to Plaintiffs' choice of forum is entitled to less deference and does not override the factors weighing in favor of transfer.

Moreover, there is a clear commonality of witnesses and interest of the parties with the post-collection proceedings in the Illinois case. Indeed, the Plaintiffs here moved to intervene in the Illinois action. Two of the Plaintiffs here, P2 Portfolio Managing Member, LLC and Ivankovich Family LLC are citation respondents in the Illinois action. It would be more convenient for the Plaintiffs and Defendants to adjudicate disputes concerning whether the judgment debtor's assets are held in the Stifel accounts, in the same venue that is addressing the location of the judgment debtor's assets.

The public factors also weigh in favor of transfer. These include the forum's familiarity with the governing law, the forum's interest in adjudicating the dispute; the burden of jury duty on the forum's community, and the relative docket congestion. *See Cellularvision Tech. &*

*Telecomms., L.P. v. Cellco P'ship,* No. 06-60666-CIV, 2006 WL 2871858, at *4 (S.D. Fla. Sept. 12, 2006).

To reiterate, Plaintiffs are challenging the propriety of the Defendants' actions in the Illinois proceeding. Supplementary proceedings to enforce a money judgment follow the state's procedure where the court is located. *See* Fed. R. Civ. P. 69(a)(1). Whether the Defendants disclosure of Plaintiffs' information in that case is proper will no doubt implicate Illinois law. Undoubtedly, the Illinois court has a greater interest in adjudicating this case. Judge Johnson Coleman even stated in her order it would have been better for the Plaintiffs to file a request in the Northern District of Illinois rather than file this case. The public interest factors also weigh in favor of transfer. Accordingly, the Court grants the motion to transfer to the Northern District of Illinois.

DONE AND ORDERED in Chambers at Miami, Florida, this 18th of November 2022.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record